[L. A. No. 2645.   Department Two.—September 26, 1911.]

WILLIAM AITCHISON, Respondent, v. JOHN H. CARRUTHERS et al., Defendants; CARROLL ALLEN, as Trustee in Bankruptcy of JOHN H. CARRUTHERS, a Bankrupt, Appellant.

CONTRACT TO SHARE IN PROFITS OF LAND—PAYMENT OF PROPORTION OF PURCHASE PRICE—REPUDIATION BY PROMISEE—ACTION BY TRUSTEE IN BANKRUPTCY TO RECOVER PROFITS—PLEADING.—The trustee in bankruptcy of a person having a right under a written contract with the owner of a tract of land to share in the profits thereof upon paying to such owner one half of its purchase price, the payment of which had been repudiated by the bankrupt, cannot maintain an action for the sale of the land, and a division of the profits resulting therefrom, upon a mere allegation that he is willing for

the benefit of the bankrupt's estate to assume the obligations imposed in said contract upon the bankrupt.

ID.—QUIETING TITLE BY OWNER—EVIDENCE OF CONSIDERATION FOR CONTRACT.—In an action by the owner of such land to quiet title against the right asserted by the trustee under such contract, it was not error to admit parol evidence showing the true consideration of the contract, if such evidence did not in any respect tend to vary or defeat any of the conditions or covenants expressed therein.

ID.—FAILURE TO FIND VALUE OF LAND IMMATERIAL.—In such action, in which the trustee sets up his right under such contract and prays for a sale of the land and a division of the profits, without showing himself to be entitled to any equitable interest in the land, it was not error for the court to refuse to make a finding fixing the cash value of the property.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

W. G. Van Pelt, for Appellant.

Goodcell & Goodcell, for Respondent.

HENSHAW, J.—This action was to quiet title. Judgment passed for plaintiff, and from that judgment and from the order denying his motion for a new trial defendant Carroll Allen, trustee in bankruptcy of defendant John H. Carruthers, prosecutes this appeal.

We think a brief narration of the facts leading up to this litigation will prove sufficient, of themselves, to dispose of appellant's contentions. Plaintiff purchased and paid the sum of eight thousand dollars for a lemon grove, taking title in himself. He was measurably induced so to do by the assurances of defendant John H. Carruthers, which resulted in plaintiff and Carruthers entering into a contract whereby Carruthers was to pay plaintiff four thousand dollars—one half of the purchase price—and to share in the profits and losses of the orchard. Plaintiff not being a citrus orchardist and defendant Carruthers representing that he was, it was provided that in "general matters of cultivation and management the course mainly to be followed should be indicated by the said John H. Car-

ruthers." This purchase was made on October 24, 1907. In due course plaintiff made a demand upon Carruthers to pay the four thousand dollars, manifestly the principal consideration for the agreement, and Carruthers repudiated his agreement and refused to pay. In August, 1908, Carruthers was adjudged a bankrupt debtor, and defendant Carroll Allen was elected trustee of his bankrupt estate. Carruthers never paid any part of the purchase price of the land, even after demand, declined and refused to pay, and never paid anything else to the plaintiff by way of service or otherwise. The assignee in insolvency asserting a claim to some interest in the land, this action was brought. Even in his answer there is no offer to pay the four thousand dollars which his bankrupt had refused to pay, nor in any other way is it sought equitably to re-establish the rights under the contract which the bankrupt had lost by his repudiation of its obligations, but the assignee, who is the only one that answers (Carruthers and his wife suffering default) alleges merely that he "is willing for the benefit of said estate to assume the obligations imposed in said contract on the part of the said John H. Carruthers," and follows this with an averment that the land is worth twelve thousand dollars, and asks that it be sold and the surplus over eight thousand dollars, which is the full purchase price paid by plaintiff, be divided between plaintiff and the trustee.

We think, as above stated that this presentation of the facts should relieve from the necessity of any argument upon them or upon the law pertinent to them. There was no partnership. Carruthers's right to participate in the profits of the land rested wholly upon executory considerations moving from him, the principal one of which was the payment of the four thousand dollars. He refused to make this payment and thus repudiated his contract. It may be conceded that the agreement was based upon a sufficient consideration. Indeed, there is no controversy upon this point, but the consideration, as has been said, was executory so far as Carruthers was concerned, and he refused to perform it. There was no error in admitting the testimony of the plaintiff to show what the true consideration was since the plaintiff's testimony did not in any respect tend to vary or defeat any of the conditions or covenants expressed in the written instrument. (*Arnold*

**v.** *Arnold,* 137 Cal. 291, [70 Pac. 23].)   As defendant was not equitably entitled to any interest in the real property, it was not error for the court to refuse to make a finding fixing the cash value of the property.

The judgment and order appealed from are, therefore, affirmed.

Melvin, J., and Lorigan, J., concurred.