[Civ. No. 971. Third Appellate District.—July 1, 1912.]

## C. O. STANTON, Respondent, v. J. A. WELDY and J. R. WELDY, Appellants.

ACTION ON NOTES—CONTRACT TO PURCHASE INTEREST IN STALLION—PRESUMPTION OF CONSIDERATION—BURDEN OF PROOF—OFFER OF PROOF—ERROR OF COURT.—In an action on notes purporting, under a written contract, to be given for the purchase price of one-seventh interest in a stallion, the title and possession to which was to be retained by the vendor until the price was paid, there is a presumption that the notes were based upon a sufficient consideration; and where the makers pleaded a want of consideration for the notes, the bur-

den of proof was upon them to show the same. But where they offered to prove such want of consideration, it is held that, regardless of the manner in which they may prove the same, it was error for the court to exclude such offered evidence on the ground that it would contradict the written contract.

ID.—DIFFERENCE BETWEEN WANT OF CONSIDERATION AND DISTINCT CONSIDERATION—NATURE OF WANT OF CONSIDERATION IMMATERIAL.— There is a wide difference between showing an utter lack of consideration and some other consideration than that named in the agreement. In the latter case, a consideration is admitted, and a different one is sought to be shown, while in the former case, the purpose is to show the nonexistence of any consideration. It is held that, on principle, no reason appears for allowing proof of no consideration where money is the consideration named, and denying it where some article of personal property is named as the consideration. If the promisor received nothing in either case, he may show the fact in defense.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

W. H. Hatton, for Appellants.

S. G. Tompkins, and L. L. Dennett, for Respondent.

CHIPMAN, P. J.—This is an action on two certain instruments, alleged to be promissory notes, each reading as follows:

"$500.00                    San Jose, Cal., Nov. 14th, 1906.

"For value received, we promise to pay C. O. Stanton or bearer, Five Hundred Dollars, Gold Coin of the United States, with interest thereon from day of date until paid at the rate of six per cent per annum in the following manner, to wit: On or before one year.

"This note is given for the purchase price of One seventh of Percheron Stallion, Name Decide, Dark Grey. Foaled April 20th, 1901. No. (52180) 40762, and the express condition of the sale of said property is such, that the title, ownership and right of possession thereof does not pass from the said C. O. Stanton, or their assigns until the principal and interest above specified, and all costs, are paid in full; and the holder of this note shall have the right and full power

to take possession of said property at any time they may deem themselves unsafe or insecure, and all payments made thereon shall be retained by the holder thereof; and in case said property, together with all payments made thereon shall not be equal in value to the sum of said note, together with accrued interest and costs, including a reasonable attorney fee in the premises, at the time it shall be taken by the holder hereof, then this obligation shall continue to be binding; and the purchaser hereby agrees to pay any deficiency on demand, and that the same may be collected by due process of law.

"J. A. WELDY<br>"J. R. WELDY."

Alleging nonpayment and that the sum of $150 is a reasonable attorney's fee to be allowed in the action, the prayer is for judgment for $1,177.50, principal and interest, and $150, attorneys' fees.

General and special demurrers were overruled and defendants filed a verified answer to the unverified complaint, denying, on information and belief, its averments alleging the execution and delivery of said promissory notes; denying directly that there is due and owing or unpaid the principal or interest or any other amount; and, for further answer, alleged that defendants "received no consideration for the so-called promissory note set forth in said first cause of action," and like averments as to the second alleged cause of action. The cause was tried by a jury and, by the direction of the court, the jury rendered a verdict for plaintiff. Defendants appeal from the judgment on the verdict and from the order denying their motion for a new trial.

Plaintiff raised the point on the answer that the denial on information and belief was not a sufficient denial of the execution of the promissory note. The point was not pressed nor ruled upon, and plaintiff proceeded to put in his evidence.

Plaintiff called J. A. Weldy, one of the defendants, who testified to the execution of the two notes by himself and his brother, the other defendant; that he (the witness) did not deliver them to Mr. Stanton, the payee, and did not know how he got them; that he had seen Mr. Stanton, but that he had had no business with him. Mr. Tompkins, attorney for plaintiff, over defendants' objection, testified that the plaintiff in the action delivered the said two documents, the subject of

the action, to witness, and that the purpose of the evidence
was to show plaintiff's possession.  The instruments, subject
to defendants' objection, were admitted in evidence and read
to the jury, whereupon, without further evidence, plaintiff
rested.

Defendants moved for a nonsuit on several grounds, which
may be thus summarized: That the instruments introduced
are not promissory notes, and are not such as import a con-
sideration, or such as, under the code, give rise to a presump-
tion of a consideration; that the instruments purport to set
forth one-seventh of a stallion as the consideration and there
is no evidence of delivery, and, furthermore, delivery of one-
seventh of a stallion is impossible; that a promissory note for
the payment of a certain sum of money carries with it the
presumption of a consideration, but the consideration here is
specifically mentioned to be one-seventh of a stallion, and
"there must be some proof that that consideration has been
given," which is wholly wanting, either in allegation or evi-
dence; that there is no proof of anything done by plaintiff
and, besides, the contract is impossible of performance and
is not enforceable, lacking, as it does, mutuality, plaintiff
having promised nothing even after performance by defend-
ants; that if the instrument be construed as a one-seventh
*interest in* a stallion, the same objection would lie, for, while
there might be a bill of sale of an interest, there could be no
delivery except the delivery of the stallion, and, finally, that
there is no evidence of nonpayment, and if nonpayment is
presumed from possession of a promissory note, such pre-
sumption is not indulged by possession alone of a contract
such as this.  The court denied the motion for nonsuit.  Both
of the defendants were called as witnesses on their own be-
half, and counsel sought to show by their testimony that they
had received no consideration whatever for the so-called
promissory notes.  To all questions intended to show that no
consideration was given for these instruments, objection was
made by plaintiff on the ground that defendants cannot be
heard to contradict their writing; "that the recitals contained
in the written instrument are conclusive as between the par-
ties to the instrument.  The Court: Well, except considera-
tion.  Mr. Tompkins (attorney for plaintiff): And as to the
consideration also when that recital is contractual in its

nature and not a mere formal recital of consideration''—citing cases. ''The Court: These cases simply hold that where the consideration is contractual you cannot show any other consideration. Mr. Tompkins: The defense is not here that there has been a failure of consideration. The Court: What is the defense? Mr. Tompkins: The defense is that there was never any consideration. Mr. Hatton: Exactly. The Court: The only person who could object to a matter of this kind would be his creditors; an objection could not be made by either of the parties to the transaction. The court is not authorized to vary the terms of the contract and cannot do so in this case. The objection will be sustained.'' Similar rulings were made by the court, and for like reason, to questions as to whether defendants were ever given possession of the stallion.

There was no objection to the form of defendants' questions or the means by which they sought to show want of consideration. Defendants were refused the evidence on the ground stated in the objection and by the court.

The record thus presents a question which, it seems to us, was erroneously decided by the learned trial judge. We are unable to perceive the distinction upon which the ruling was made—that a failure of consideration may be shown, but not an entire want of consideration where the latter issue is directly made by the pleadings. This question of consideration is the principal one referred to in respondent's brief. Cases are cited in support of the rule as given in Cyc., volume 3, page 377: ''The rule permitting parol evidence of another consideration does not apply where the consideration as expressed is in fact a contract, and not a mere statement of fact.'' That is to say, where the instrument recites the consideration to be, as here, the purchase price of a stallion, a different or some other consideration cannot be shown to dispute or vary the terms of the contract. The cases cited simply hold, as was said by the trial judge, that, where the consideration is contractual, ''some other consideration than that set forth in the instrument itself cannot be shown.'' But such was not the purpose of the evidence offered. There is a wide difference between showing an utter lack of consideration and some other consideration than that mentioned in the agreement. In the latter case a consideration is ad-

mitted but a different one is sought to be shown. In the former, the purpose is to show the nonexistence of any consideration. On principle, we can discover no reason for allowing proof of no consideration where money is the consideration named and denying it where some article of personal property is named as the consideration. If the promisor received nothing in either case he may show the fact in defense.

Plaintiff made no attempt to prove a consideration, relying wholly on a presumption. Can it be that a fact so essential to plaintiff's recovery and resting on a presumption cannot be disputed by the fact itself?

Section 1614 of the Civil Code provides that, "A written instrument is presumptive evidence of a consideration." Section 1615 provides that, "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to avoid it." How else could defendants successfully carry this burden than by proving "want of consideration"? The objection of plaintiff went to the right of defendants to prove the issue tendered, not to the manner of offering the evidence. Under the view taken by the trial court, no evidence which defendants could have offered would have been received to show want of consideration for the contract. The judgment and order are reversed.

Hart, J., and Burnett, J., concurred.