[Civ. No. 2275. Third Appellate District.—July 19, 1921.]

## W. A. BRASELTON, Respondent, v. J. J. VOKAL et al., Appellants.

[1] CONTRACTS—WANT OF CONSIDERATION—EVIDENCE.—In view of sections 1614 and 1615 of the Civil Code and section 1962, subdivision 2, of the Code of Civil Procedure, parol proof is admissible to show the want of consideration in written executory contracts.

[2] ID.—WRITTEN OPTION—PRESUMPTION OF CONSIDERATION.—A written option to purchase land is presumed to be supported by a consideration.

[3] ID.—WANT OF CONSIDERATION—RIGHT OF WITHDRAWAL.—A written option to purchase land, which is not supported by a valuable consideration, is a mere offer of performance on the part of the owner which may be withdrawn before it has been accepted and acted upon by the other party.

[4] ID.—ENFORCEMENT OF OPTION—ACCEPTANCE BEFORE WITHDRAWAL—PAYMENT.—A written option to purchase land, not supported by a valuable consideration, may be specifically enforced, where accepted before withdrawal, and such acceptance may be manifested by payment or tender of payment of the consideration.

[5] ID.—SPECIFIC PERFORMANCE—ACCEPTANCE OF OPTION BEFORE WITHDRAWAL—SUFFICIENCY OF EVIDENCE.—In this action to compel a conveyance of real property based upon a written option to purchase, the finding that the option was not withdrawn before acceptance is supported by the evidence.

[6] STATUTE OF FRAUDS—EXECUTION OF PAROL AGREEMENT TO CONVEY. Where a deed was signed and acknowledged under an agreement between the vendor and the purchaser that the former was to deposit the deed in a bank and the latter to deposit the money and when the title was clear the grantor was to receive the money and the grantee the deed, and the deed and the money were so deposited and the grantee waived his right to demand a clear title, there was a sufficient execution of a parol agreement to convey to take the case out of the statute of frauds, or to estop the vendor from repudiation of the agreement.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

4. Right to specific performance of option contract to purchase as affected by lack of mutuality of obligation, notes, 1 Ann. Cas. 990; 12 Ann. Cas. 90; Ann. Cas. 1913A, 362; 6 L. R. A. (N. S.) 403.

The facts are stated in the opinion of the court.

Clyde Thomas for Appellants.

Bond & Dierup for Respondent.

BURNETT, J.—Plaintiff brought the action to compel defendants, J. J. Vokal and Mary Vokal, to execute a conveyance to him of a certain lot in the city of Chico, and he had judgment from which said defendants have appealed. The action was based upon a certain written instrument executed by said defendants in the following form: "For and in consideration of the sum of ten dollars, paid the undersigned, the receipt of which is hereby acknowledged, I agree to sell and convey to W. A. Braselton free from any lien and encumbrance whatever, on demand, within thirty days from date, at his option, the following described property, to wit: [describing the property], and in consideration of fifteen hundred fifty dollars cash, upon delivery of deed having clear title. Dated at Chico, County of Butte, State of California, this 28th day of October, 1919." There is no contention that the complaint fails to state a cause of action or that the findings are insufficient to support the judgment, but appellants do claim (1) that the option was given without consideration; (2) that it was revoked before the tender of performance, and (3) that the whole transaction was vitiated by the fraudulent representations of plaintiff and therefore the purported contract should not be enforced by a court of equity.

As to the first the court found: "That it is not true that said option contract set out in the complaint and in paragraph III of these findings was made and executed without consideration." Respondent insists that the statement of consideration in the so-called option cannot be questioned in this suit, his position being, "that the *amount* of consideration as recited in an instrument is never conclusive, but where it is attempted to defeat the instrument by showing it had *no* consideration in the face of a recital in the instrument that there was a consideration, the courts have uniformly held that this cannot be done in the absence of fraud or mistake." In support of this contention he cites certain cases, among them being the following California

decisions: *Hendrick* v. *Crowley*, 31 Cal. 471; *Coles* v. *Soulsby*, 21 Cal. 47; *Feeney* v. *Howard*, 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984]; *Arnold* v. *Arnold*, 137 Cal. 291, [70 Pac. 23]; *Aitchison* v. *Carruthers*, 161 Cal. 8, [118 Pac. 239]; *Dollar* v. *International Banking Corp.*, 13 Cal. App. 338, [109 Pac. 499]; *Burkett* v. *Doty*, 32 Cal. App. 338, [162 Pac. 1042]. Concerning these decisions we deem it unnecessary to say more than that they have no application to a case like this involving an executory and not an executed covenant. In Page on Contracts, the distinction is clearly made between deeds or other conveyances and executory covenants. On page 3790 (second edition) it is stated: "The recital of a valuable consideration in a deed or other conveyance cannot be contradicted for the purpose of destroying the legal effect and operation of the deed." On page 3796, in reference to simple executory contracts containing the recital of a consideration as a fact, we find this: "The weight of authority is that such recital of a consideration may be contradicted for the purpose of showing that such apparent contract was in reality a gratuitous, unenforceable promise. . . . The recital of a consideration, such as one dollar in an option to purchase realty, may be contradicted for the purpose of showing that such offer was not for value."

[1] That the law in California permits parol proof to show the want of consideration in written executory contracts is beyond question. This follows from a consideration of sections 1614 and 1615 of the Civil Code and section 1962, subdivision 2, of the Code of Civil Procedure. Moreover, it has been so decisively held by the courts of this state. In *Stanton* v. *Weldy*, 19 Cal. App. 374, [126 Pac. 175], the court points out that the rule is the same whether the named consideration be money or any other article of personal property. Therein it is said: "On principle, we can discover no reason for allowing proof of no consideration where money is the consideration named and denying it where some article of personal property is named as the consideration. If the promisor received nothing in either case he may show the fact in defense."

The latest decision upon the subject is found in *Royer* v. *Kelly*, 174 Cal. 70, [161 Pac. 1148]. The case involved two contracts, both reciting facts which would constitute valuable

considerations. The court said: "The recitals of the two agreements furnish presumptive evidence of a valuable consideration. But the rule is that the parties are not estopped by recitals in agreement with respect to its consideration. The true consideration, or the want of consideration, may always be shown by extrinsic evidence for the purpose of impeaching a contract, notwithstanding that it states facts which show a valuable consideration. (*Chaffee* v. *Browne,* 109 Cal. 220, [41 Pac. 1028]; *National Hardware Co.* v. *Sherwood,* 165 Cal. 1, [130 Pac. 881]; *Stanton* v. *Weldy,* 19 Cal. App. 374, [126 Pac. 175].) The question must, therefore, be determined by an examination of the evidence."

[2] In viewing the evidence we can hardly escape the conclusion that there was no valuable consideration to support the option. The consideration, of course, would be presumed, since we are concerned with a written instrument. (Sec. 1963, subd. 39, Code Civ. Proc.) This presumption is evidence and might be sufficient to support the finding of the court under ordinary circumstances. But in the case at bar it would seem to be entirely overcome by the testimony of the plaintiff himself to the effect that there was no consideration for said option. His statement under oath was that of an interested party in whose favor said presumption would have to be indulged. No party can claim the right of a presumption against his own admission under oath. If the testimony as to the want of consideration had come from the opposite party alone this court would be justified in upholding the finding upon the strength of said presumption. (*Keating* v. *Morrissey,* 6 Cal. App. 163, [91 Pac. 677].)

[3] But notwithstanding that we must hold that said finding is unsupported, it does not follow that the judgment must be reversed. In some jurisdictions it is held that specific performance may not be compelled in case of an option not founded upon a valuable consideration, even though accepted by the holder. However, in 25 R. C. L. 37, the true rule is stated as follows: "Unilateral contracts are not favored in equity, and the want of mutuality of obligation and risk may generally be urged as a bar to their specific enforcement. But while great care is observed in enforcing unilateral contracts, certain contracts are constantly recognized as legal and binding, such as bonds and

similar obligations which are unilateral in form if not in effect. Options constitute an important class of unilateral contracts which form an exception in certain respects to the general rule as to the necessity of mutuality. The privilege given in options to the holder either to enforce or cancel the contract does not prevent him from obtaining the specific performance of the contract, provided the option itself is founded on sufficient and valuable consideration. The right of a holder of an option, based on a valuable consideration, to the specific enforcement thereof is not lost by the fact that the vendor refuses to perform the contract before the purchaser demands performance. A mere naked option, not supported by any consideration, is not enforceable. It may be withdrawn at any time before it is accepted. By his election to accept and exercise the option the contract becomes binding on the holder and any objection to its enforcement on account of want of mutuality is removed. The contract may then be specifically enforced in equity." The above quotation shows the distinction between an option founded upon a valuable consideration and one not so supported. In the latter, the option is a mere offer of performance on the part of the owner which may be withdrawn before it has been accepted and acted upon by the other party. This distinction is clearly made in section 125 of Warvelle on Vendors, wherein it is said: "A mere proposal or offer, though made in writing and signed by the proponent, creates no obligation on the part of the person making the same, unless accepted by the person to whom the same is made according to its terms. Being made without consideration, and not possessing the essential element of mutuality, the party making an offer has a right to withdraw it at any time before the one to whom it is made accepts it. . . . If the option is given for a valuable consideration, whether adequate or not, it cannot be withdrawn or revoked within the time fixed, and it will be binding and obligatory upon the owner, or his assigns with notice, until it expires by its own limitation."

[4] That a voluntary offer in writing to convey may be enforced when accepted before withdrawal is the undoubted rule in this state. (*Mitchell* v. *Gray,* 8 Cal. App. 423, [97 Pac. 160]; *Brown* v. *San Francisco Sav. Union,* 134 Cal. 448, [66 Pac. 592]; *Smith* v. *Bangham,* 156 Cal. 359, [28

L. R. A. (N. S.) 522, 104 Pac. 689].) Up to the time
of acceptance, it is characterized as a *nudum pactum,* but
when the proposal is assented to and acted upon it assumes
the aspect of a valid and binding contract. It is equally
true that the party to whom the offer is made may manifest
his acceptance by payment or tender of payment of the
consideration.

[5] These principles are conceded by appellants but they
claim, as before stated, that they withdrew the offer before
it was accepted by respondent. It may be admitted that a
finding to that effect would be supported but such conclusion
is not compelled by the evidence. There is a sufficient legal
showing to the contrary. Plaintiff's testimony justifies the
finding of the court in that respect. It is true that he was
asked on cross-examination: "When did Mr. Vokal first tell
you, Mr. Braselton, that he would not sell the property?"
and he answered, "That was the 27th of November, Thanks-
giving." But that he did not understand the question as
construed by appellants is quite plain not only from his
direct examination but also from a following statement on
the cross-examination that Mr. Vokal "never mentioned such
a thing." What he referred to in said answer was the dis-
inclination of Mr. Vokal to renew the option. But that Mr.
Vokal did not withdraw his offer, or, if he did, he waived
his withdrawal, is evidenced by the undisputed testimony of
plaintiff that on November 28th, when plaintiff tendered the
money, Mr. Vokal said: "He would not do anything then,
that he would be up in the afternoon and see me," that he
came in the afternoon, and he said: "He would see about
it and talk it over with his wife," and in a day or two
afterward he said: "Well, make out the deed and bring it
down and they would sign it"; and as a matter of fact,
appellants did sign such deed. This conduct was manifestly
inconsistent entirely with the theory of a repudiation or
revocation of said option. In view of the whole record it
seems utterly out of the question to hold that there is no
support for the finding of the court that "it is not true
that defendants, or either of them, thereupon or ever
elected to rescind said agreement hereinbefore referred to,
or that they immediately thereafter, and before any tender
of performance by the plaintiff, or at any other time, noti-
fied the plaintiff that they, or either of them, would not be

bound by said contract or agreement, or would not sell the said property."

[6] Moreover, if we assume that said finding is unsupported as far as the first offer is concerned, then another feature of the case justifies an affirmance of the judgment. As we have seen, Mr. Vokal agreed that he and his wife would execute a deed to the premises. This deed was signed and acknowledged on November 28th under an agreement between Mr. Vokal and plaintiff that the former was to put it in the First National Bank of Chico and the latter was to deposit the money in the same bank and, as stated by plaintiff, "when the title was clear he was to receive the money and I was to receive the deed." The deed and the money were so deposited. After the deed was executed Mr. Braselton made a trip to Hamilton City and secured the release of an old mortgage against the property and subsequently waived his right to demand a clear title, expressing his willingness to accept the conveyance subject to a certain tax lien. The court made a finding upon this phase of the case and we discover in the record ample evidence to support it. We thus have, according to familiar principles, a sufficient execution of a parol agreement to convey, to take the case without the statute of frauds, or, at any rate, to estop the appellants from a repudiation of such agreement.

The principles which must prevail in cases like this have been set forth in many of the text-books and decisions of the courts, and, of course, are well known to the profession. We would look in vain for a more felicitous and cogent expression of them than is found in the quotation made by appellants from Pomeroy's Equity Jurisprudence, volume 1, paragraph 400. But, manifestly, in applying these principles we must remember that the trial court has given credit to the testimony in favor of plaintiff's position. That testimony justifies the conclusion that plaintiff's conduct was not "unconscientious, inequitable, or characterized by bad faith"; to the contrary, that the transaction was "fair and just" and not "harsh and oppressive upon the defendant." We may add that the agreed price was the fair market value of the land.

In brief, whatever testimony may appear to the contrary, a careful reading of the record warrants the declaration that the evidence constitutes a rational basis for the conclusion

that no advantage was taken of appellants, that no imposition was practiced, that it was within the discretion of the trial court to decree a specific performance, and that no just ground exists for interfering with that discretion.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 15, 1921.

All the Justices concurred.