[Civ. No. 4295. First Appellate District, Division Two.—November 18, 1922.]

## J. F. MILLER, Appellant, v. J. C. LYNN, Respondent.

[1] PARTNERSHIP—ACCOUNTING—DISSOLUTION—CONFLICTING EVIDENCE —FINDINGS—JUDGMENT—APPEAL.—In this action to obtain a judgment declaring a certain blacksmith business to be the property of plaintiff and defendant as copartners, and to have the partnership dissolved and the assets divided, the evidence having been conflicting and there having been several inconsistencies in the testimony of the plaintiff, as well as in the testimony tendered by the defendant, but the findings of the trial court having been supported by the sworn testimony of credible witnesses, the judgment in favor of the defendant was conclusive on appeal.

APPEAL from a judgment of the Superior Court of Sonoma County. H. L. Preston, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Hiram E. Casey and L. R. Lambert for Appellant.

W. F. Cowan for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a judgment declaring a certain blacksmith business to be the property of plaintiff and defendant as copartners; to have the partnership dissolved and the assets divided. Judgment went for the defendant and the plaintiff has appealed. In support of his appeal the appellant has brought up the judgment-roll and a transcript of the reporter's notes. The appellant does not call to our attention any erroneous ruling of the trial court, but contends that the evidence was such that the judgment should have been in favor of the plaintiff. [1] In support of this contention much might be said, however, the evidence was conflicting and this court is bound by the finding of the trial court.

It was the theory of the plaintiff, and he introduced his own testimony and the testimony of others, that the plaintiff and defendant entered into a contract on the sixth day of July, 1920, by the terms of which contract the plaintiff was to pay the defendant $265 and thereupon he would be a full partner with the defendant in said blacksmith business. It is not contended that the consideration was ever in fact paid, but the plaintiff contends that he is able and willing to pay the same and that the contract should be enforced. On the other hand the defendant contended that the agreement between the plaintiff and himself was to the effect that the plaintiff would leave San Rafael, go to Sebastopol, and there go to work for the defendant at five dollars per day. He further contended that he stated to the plaintiff that if the plaintiff would put up $300 or $350, something of that kind, for a half interest in the stock on hand, that amount of money would enable the defendant to pay off his debts and would enable the plaintiff to share in the profits. The defendant further contended that the plaintiff said he would do so as soon as he could sell his oil station or his cows, property which he owned at San Rafael. However, according to the testimony, the plaintiff never made the sales and never paid the defendant anything for the half interest in the stock and that the partnership, or profits sharing arrangement, never came into existence.

There were several inconsistencies in the testimony of the plaintiff, and several inconsistencies in the testimony tendered by the defendant, but the power to hear and de-

termine the facts and to weigh the testimony rested with the trial court, and, as stated above, the findings made by the trial court are conclusive on this court when, as we have just shown, such findings are supported by the sworn testimony of credible witnesses.

For the reasons which we have stated the judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.