[Civ. No. 3419.   Third Appellate District.—March 26, 1928.]

CARL M. MILLER et al., Respondents, v. FIRST SAVINGS
BANK OF COLUSA, Appellant.

U. W. Brown for Appellant.

Seth Millington for Respondents.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the defendant First Savings Bank of Colusa from a judgment entered against it in the sum of $740.

The facts are briefly these: The defendant owned a small tract of land in Colusa County and through its cashier entered into an oral agreement to sell the same to plaintiffs for $3,716. Plaintiffs paid defendant this sum and defendant executed and delivered. to them its deed particularly describing the land purchased, and reciting that it contained ''9.29 acres, more or less.'' Sometime after receiving the deed, the plaintiffs had the land resurveyed and found that it contained only 7.44 acres, or 1.85 acres less than that mentioned in the deed. Thereupon, demand was made upon defendant for the return of the overpayment, and said demand being refused, this action was brought to recover the alleged overpayment.

Plaintiffs contend, and the court found, that plaintiffs purchased the land upon the understanding that they were to receive 9.29 acres of land, for which they were to pay $400 per acre, or a total of $3,716. On the other hand, defendant contends that it sold the land to plaintiffs *en masse* for the sum of $3,716, and did not sell it on an acreage basis, and did not represent or guarantee that said land contained 9.29 acres.

The evidence, therefore, upon the vital issue in the case is decidedly conflicting, but there is ample substantial evidence to support the conclusions of the trial court. ■ The law is, of course, well established that the findings of the trial court upon conflicting evidence are conclusive on appeal, and all reasonable inferences are to be indulged in support of the findings, and the burden is upon appellant, who claims error, to show its existence. A few of the cases laying down this doctrine are as follows: *Wilbur* v. *Wilbur*, 197 Cal. 7 [239 Pac. 332]; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Gjurich* v. *Fieg*, 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464]; *Miller* v. *Lynn*, 59 Cal. App. 685 [211 Pac. 466]; *Perham* v. *First National Bank of LaVerne*, 87 Cal. App. 224 [261 Pac. 1064].

■ The appellant contends that the court erred in admitting parol evidence to vary the terms of the deed, when no fraud, mistake, or accident was alleged or proved; or,

in other words, appellant contends that the court erred in admitting parol evidence to show that the land conveyed by the deed did not in fact contain 9.29 acres.

There is no merit in this contention. There was no attempt made by the plaintiffs, either in the complaint or in the proof, to vary or change the terms of the deed. Indeed, it was wholly unnecessary to change or vary the terms of the deed in any respect as far as the case at bar was concerned. The deed did not purport to state the precise quantity of land conveyed. The expression used in the deed, "9.29 acres, more or less," is openly indeterminative and uncertain and shows that it was not of the essence of the contract, and that reliance, so far as the quantity of land is concerned, was not placed upon that, but upon the description in the deed that preceded that expression, which was: "Farm No. 332 of the River Garden Farms subdivision No. 5, as per the map or plat thereof filed July 7, 1913, in Liber 1 of Records of Surveys, page 100, Records of Colusa County, California." (*Danielson* v. *Neal*, 164 Cal. 748 [130 Pac. 716]; *Commissioners* v. *Younger*, 29 Cal. 179.)

This being true, the quantity of land conveyed by the deed was undetermined and uncertain; therefore, in view of the guarantee made by defendant that the tract of land contained 9.29 acres, parol evidence was admissible to show just how many acres was actually in the tract.

Upon the evidence adduced, the court found that said tract of land actually contained 7.44 acres and that plaintiffs had paid defendant $400 per acre for 9.29 acres. Therefore, defendant had in its hands $740 which rightfully belonged to plaintiffs. Under such circumstances, the general principles of an ordinary action in *assumpsit* applies.

There is no attack upon the deed; the only attack is upon the consideration and the law is well settled that the true consideration, or failure of consideration, or want of consideration may always be shown by extrinsic evidence. (Sec. 1962, subd. 2, Code Civ. Proc.; secs. 1614 and 1615, Civ. Code; *Field* v. *Austin*, 131 Cal. 379 [63 Pac. 692]; *Shepard* v. *Hunt*, 43 Cal. App. 630 [185 Pac. 677]; *Chaffee* v. *Browne*, 109 Cal. 220 [41 Pac. 1028]; *National Hardware Co.* v. *Sherwood*, 165 Cal. 7 [130 Pac. 881]; *Royer* v. *Kelly*,

174 Cal. 70 [161 Pac. 1148]; *Braselton* v. *Vokal*, 53 Cal. App. 582 [200 Pac. 670].)

All the other contentions made by appellant go to the sufficiency of the evidence to support the findings of the court and, as we have seen, the evidence is conflicting and there is ample substantial evidence to support the findings and judgment; therefore, we are powerless to interfere.

We think the judgment should be affirmed and it is so ordered.

Plummer, J., and Hart, Acting P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1928.

All the Justices concurred.