[Civ. No. 53.    Fourth Appellate District.—December 18, 1929.]

H. H. ANDREWS et al., Respondents, v. R. H. DE LORM et al., Appellants.

624

J. A. Gardiner for Appellants.

Head, Rutan & Scovel for Respondents.

BARNARD, J.—This is an action in claim and delivery for the possession of an automobile which was purchased by the defendant De Lorm from the plaintiffs, under a conditional sale contract entered into by the parties in Yakima County, Washington, on June 19, 1925. The automobile in question was delivered to De Lorm when the contract was signed. The contract provides for a purchase price of $1164, acknowledges receipt of $450 down payment, and provides that the balance of $714 shall be payable, $400 on the first day of November, 1925, and $314 on the first day of March, 1926. The contract further provides that until the purchaser has fully complied with all of the terms thereof, and made all payments provided for therein, the title to said automobile shall remain in the seller. Also, it provides that the purchaser agrees not to sell, attempt to sell, lease, mortgage, hypothecate or otherwise dispose of or encumber said personal property, nor take the same out of the county of Yakima, state of Washington, during the life of the contract. It further provides that the purchaser shall not assign this contract or any of his rights thereunder, and that any such assignment shall, at the option of the seller,

terminate all of the purchaser's rights under said contract, or the rights of any person holding or claiming the same.

The evidence shows that at the time this agreement was entered into the defendant De Lorm agreed to deliver to the plaintiffs, a Ford automobile, which was to be accepted by them at the appraised value of $450, and the contract recited a first payment of $450, which represented the appraised value of this Ford automobile. At that time the Ford car was in the possession of the Dobson Motor Company, having been placed there by the defendant De Lorm. De Lorm gave to plaintiffs an order upon the Dobson Motor Company for the Ford car, but stated he was going down that afternoon to get it. Nothing was said about the plaintiffs getting the Ford from the Dobson Motor Company. The Ford car was never delivered to the plaintiffs, but De Lorm employed an attorney and filed an action against the Dobson Motor Car Company, to recover his Ford, or the value thereof. At this trial De Lorm testified that he was the owner of the Ford in question and the trial resulted in his receiving $180 from the Dobson Motor Company. He had previously told the plaintiffs they would have to wait until this lawsuit was over to see whether he could get the car, or money with which to make the down payment. The $180 thus received by De Lorm was paid to plaintiffs upon the down payment. The plaintiffs requested him to execute a new contract reciting the true facts and agreeing to make the payments easier, and upon a different basis; the new contract to include the balance of $270 on the first payment, and the remaining payments that were unpaid. De Lorm agreed to execute such a new contract, but failed to do so. After the execution of the conditional sale contract, the plaintiffs sold and transferred the same to the General Credit Company. On December 18, 1925, the defendant De Lorm paid to the General Credit Company the $400 which was due November 1st. At that time, De Lorm told the General Credit Company that he would like to take the car to California, and there refinance the deal. He was told by them that he would not be allowed to take the car from the state until it was fully paid for. Shortly thereafter, without the consent of the plaintiffs or the General Credit Company, defendant De Lorm took the automobile in question from the state of Washington to the state of

California, and a little later sold the car to the defendant Mendenhall, receiving a Buick car for his equity therein. In January, 1926, defendant Mendenhall wired the General Credit Company, inquiring as to the amount due on the contract, and stating that if the balance due was $314, he would mail a check for the amount. About that time the General Credit Company reassigned the contract to the plaintiffs and advised defendant Mendenhall of this action. The plaintiffs wired defendant Mendenhall that the amount due on the car was $580, plus interest on $270, being the balance they claimed to be due on the first payment, from the preceding June. On January 21, 1926, the attorney for defendants wrote plaintiffs that the defendants had advised him they were ready to pay the sum of $314. At the trial of the action defendants tendered to plaintiffs the sum of $314 in cash. From a judgment in favor of plaintiffs the defendants have appealed.

Appellants present the questions they raise under three general heads, but one of them really determines the issues presented. This is as to whether or not the court erred in finding that the $450 down payment on the purchase price of said automobile was not made at the time the conditional sale contract was entered into by the parties thereto, and whether the court erred in finding that the Ford car was not delivered to the plaintiffs, as agreed between the parties. Appellants introduced evidence to the effect that at the time the contract was entered into, it was agreed that plaintiffs should get the Ford car from the Dobson Motor Company, and that their salesman said to defendant De Lorm, "Now so far as you are concerned with this deal you are through, we will get the Ford Coupe." However there was ample evidence of the state of facts as heretofore set forth. Plaintiffs' salesman, who sold the car to defendant De Lorm, testified that De Lorm said he was going down that afternoon to get the Ford car, and that nothing was said at that time, or any other time, about the plaintiffs getting the car. Also, the defendant De Lorm later told them they would have to await the result of the lawsuit to see if he recovered the car, or whether he could get money to make a down payment. An attorney at law who prosecuted the action to recover the Ford car from the Dobson Motor Company, testified that he instituted the

action at the request of defendant De Lorm and that he was not employed by the plaintiffs. It is also in evidence that defendant De Lorm testified in that action that he was the owner of the Ford in question, and at the conclusion of the action, he received $180 therefrom, which he paid to the plaintiffs upon the down payment on the car involved in this action. Not only was there a conflict in the evidence but the preponderance thereof appears to be in favor of the plaintiffs.

Appellants insist that respondents were bound by the recital in the conditional sales contract acknowledging receipt of the $450 as a down payment, and that the evidence as to the transaction in connection with the Ford car was not admissible, for the reason that it was the purpose of this evidence to vary the terms of a written contract by oral evidence. Appellants cite a number of authorities in support of this contention, which, however, are not in point. Not only was this evidence admissible as showing a reason why respondents deemed themselves insecure, in connection with the breach of the contract in removing the automobile from the state, and in selling the same, but the evidence was also admissible to show the true consideration of the contract.

"Parol evidence is admissible to show that the true consideration of a contract was not that which the contract recites, that it was something different, either a different valuable consideration, or a good consideration, such as love and affection, instead of the valuable consideration recited. (Code Civ. Proc., sec. 1962, subd. 2.)" (*Winchester* v. *Winchester*, 175 Cal. 391, at 393 [165 Pac. 965, 966]. See, also, *Harding* v. *Robinson*, 175 Cal. 534 [166 Pac. 808].)

"That the law in California permits parol proof to show the want of consideration in written executory contracts is beyond question. This follows from a consideration of sections 1614 and 1615 of the Civil Code and section 1962 subdivision 2, of the Code of Civil Procedure. Moreover, it has been so decisively held by the courts of this state. In *Stanton* v. *Weldy*, 19 Cal. App. 374 [126 Pac. 175], the court points out that the rule is the same whether the named consideration be money or any other article of personal property. Therein it is said: 'On principle, we can

discover no reason for allowing proof of no consideration where money is the consideration named and denying it where some article of personal property is named as the consideration. If the promisor received nothing in either case he may show the fact in defense.' (*Braselton* v. *Vokal*, 53 Cal. App. 582, at 584 [200 Pac. 670].)

"But the rule is that the parties are not estopped by recitals in an agreement with respect to its consideration. The true consideration, or the want of consideration, may always be shown by extrinsic evidence for the purpose of impeaching a contract, notwithstanding that it states facts which show a valuable consideration. (Citing cases.)" (*Royer* v. *Kelly*, 174 Cal. 70, at 72 [161 Pac. 1148, 1149].)

" . . . It has always been held that the amount or kind of consideration recited in a deed is open to contradiction or explanation. (*White* v. *Schader*, 185 Cal. 606 [21 A. L. R. 499, 198 Pac. 19] ; 10 R. C. L., p. 1042, sec. 236.) The same rule applies to the instrument setting forth the preliminary contract. The amount or kind of consideration is not considered an essential part of a contract and is open to contradiction or explanation like a common receipt." (*Robson* v. *O'Toole*, 60 Cal. App. 710, at 716 [214 Pac. 278, 280].)

It is apparent that in this case plaintiffs did not get the first payment agreed upon, and if the evidence introduced by the plaintiffs is to be believed, as it was believed by the trial court, the defendants were taking advantage of what was nothing more than a receipt in the contract, to avoid paying the full purchase price agreed upon. Oral testimony was admissible to show what was actually received by the plaintiffs upon the purchase price named in the contract. Under the evidence there was a partial failure of consideration and the true amount paid was properly shown by parol. It was proper to show what was the true consideration, so far as the first payment is concerned, and that the same was not delivered, or its equivalent paid.

The contract in question was also violated in two other respects, the evidence showing that the defendant De Lorm, without permission, removed the automobile from the state of Washington to the state of California, and thereafter sold the same, or his interest therein. At that time the car had not been paid for. The contract between the parties

provided that in the event the purchaser failed to comply with any of the terms thereof, or in the event the seller should at any time deem himself insecure, he should have the right, without notice, to terminate the contract and retake possession of the property wherever the same might be found, and that all money theretofore paid should be retained by the seller as and for the use of the property, and as liquidated damages for the nonfulfillment of the contract. Under the circumstances, plaintiffs were justified in feeling themselves insecure. They, therefore, had the right to retake the car regardless of any default in any payments provided for in the contract. (*Bice* v. *Harold L. Arnold, Incorporated*, 75 Cal. App. 629 [243 Pac. 468].) ▆ In this connection, appellants argue that the contract involved here is, in effect, a chattel mortgage, and that the only remedy of plaintiffs was to foreclose their lien. This contention is without merit. (*Bice* v. *Harold L. Arnold, Incorporated, supra.*)

▆ It is further argued that the court erred in finding that the value of the automobile in question, at the time respondents demanded the return of the same from appellants, was $600. The only evidence appearing in the record on this point places this value at from $750 to $800. No prejudice to the appellants is here shown. This was a claim and delivery action, asking for the return of the property, or the value thereof, in case the property could not be returned. In this case the automobile itself was actually returned. If it had not been returned, plaintiffs would then have had a judgment against them for $600, instead of for $750 or $800. The error, if any, being in their favor, would in any event not justify a reversal (*Moore* v. *Borgfeldt*, 96 Cal. App. 306 [273 Pac. 1114]), but under the circumstances shown in the record is immaterial.

The judgment is affirmed.

Sloane, P. J., concurred.

Marks, J., being disqualified in this case, took no part in its decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 13, 19�

petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1930.