## MacKINNON et al. v. AMERICAN AGAR CO.

## KEELER v. MacKINNON et al.

## No. 7578.

Circuit Court of Appeals, Ninth Circuit.
Nov. 26, 1934.

836

Ben S. Hunter, of Los Angeles, Cal., for appellant.

Thos. C. Ridgway, of Los Angeles, Cal., for appellee Myron H. Wells, receiver.

Oliver O. Clark, of Los Angeles, Cal., for appellee American Agar Co.

David D. Sallee, of Los Angeles, Cal., for appellees MacKinnon and Thorpe.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court confirming a sale to appellant of all the property, real and personal, belonging to the defendant in an equity receivership. From this order the purchaser to whom the sale was confirmed takes this appeal. The sale was held at public auction at the door of the county courthouse in San Diego county on October 20, 1933, after notice given in pursuance of the order of court and as provided by statute (Act March 3, 1893, 27 Stat. 751, 28 USCA §§ 847–849). A return of the sale was made October 27, 1933, and came on for confirmation on February 16, 1934, and was confirmed March 28, 1934. The objections of the appellant to the order of confirmation were overruled. Inasmuch as the appellant did not bid at the sale and objected to the confirmation upon that ground, the order of confirmation is clearly erroneous unless the receiver was justified in considering a bid made by the appellant and one E. J. Preston on June 16, 1933, as a bid made at the public sale held October 20, 1933. In order to understand the position of the receiver and of the trial court in accepting a bid which was not tendered and in confirming the bid which was not made, it will be necessary to state additional facts which are stipulated to by the parties.

On June 16, 1933, the receiver was in possession of a bid from the Coast Breweries for $125,000 for the property of the defendant. The matter of the confirmation of the sale was under consideration by the trial judge in open court, whereupon appellant and E. J. Preston tendered a bid of $140,000 conditioned upon the acceptance of the bid on or before the next day, June 17th. The sale was confirmed to appellant and E. J. Preston on the 16th day of June, 1933. The terms of sale called for payment of $50,000 cash. Thereafter escrow instructions were given by the receiver and by the purchasers to the Security Title Insurance & Guarantee Company of Los Angeles, Cal. These instructions were accompanied by the necessary documents to effect the transfer and by the sum of $50,000 in cash deposited by appellant and E. J. Preston. The escrow instructions given by the purchasers provided for the exchange of documents whenever the title company was "able to issue a policy of title insurance issued by the Union Title Insurance and Trust Company of San Diego, California, with liability limited to the sum of $140,000.00 insuring the title to said real property to be vested in said F. E. Keeler and E. J. Preston, free and clear, excepting as follows:" Then follows a list of the permissible exceptions. It is provided in the escrow instructions of the appellant and E. J. Preston, approved by the receiver of the defendant company, that the escrow was to be closed on or before the 10th of July, 1933. Thereafter the title company notified the parties that it was unable to issue a policy of title insurance for the reason that the sale had been made without compliance with the provision of the applicable statute (Act of March 3, 1893, 27 Stat. 751, 28 USCA §§ 847–849, supra). When the attention of the court was called to the fact that the title company held the sale of June 16th to be void, the court entered an order requiring a sale at public auction on the steps of the courthouse in San Diego after the notice required by statute. There was a failure to comply with this order and the court entered a second order requiring the sale at public auction after due notice thereof. In pursuance of this notice the receiver offered the property for sale on the steps of the courthouse in San Diego. Apparently no bids were received, and thereupon the receiver read the bid of the appellant and E. J. Preston which had been tendered in open court on June 16, 1933, notwithstanding the fact that the receiver had been previously notified by appellant, H. E. Keeler, to whom E. J. Preston had conveyed his interest, that he withdrew the bid and did not intend to bid at the sale. The report of the sale contained the following statement with reference to the

bid: "That at said sale your petitioner announced that he was in receipt of the said bid of F. E. Keeler and E. J. Preston as represented by Exhibits 'A' [bid of June 16, 1933] and 'B' [order of confirmation of June 16, 1933] attached hereto, which bid and offers your petitioner read at said time; that your petitioner received no better or higher bid, and after calling for a higher bid once, twice and thrice, your petitioner sold said property to said F. E. Keeler and E. J. Preston in accordance with the terms of their bid and offers, as evidenced by Exhibits 'A' and 'B' hereto attached."

The order confirming the sale recites that the receiver "publicly sold, in pursuance of an order of this court and in the manner required by law, to F. E. Keeler and E. J. Preston of Los Angeles, California, all the real estate and personal property belonging to the said American Agar Company, defendant hereto, and described as follows:" Here follows description. The order also recited: "And on motion of said receiver to confirm the same the court having carefully examined said report, and evidence, both oral and documentary having been received in open court, and it satisfactorily appearing to the court, and the court being satisfied, the court hereby finds, and declares, that said sale has in all respects been made in conformance to law, and to the orders of this court, and that said F. E. Keeler and E. J. Preston are, and each of them is, estopped to assert any withdrawal of their bid for said property."

■ The receiver claims that the appellant is not an aggrieved party in that confirmation of sale was made to him. He was a party to the confirmation proceedings. He deemed himself aggrieved by the overruling of objections to the confirmation and by a confirmation to him upon a bid which he did not make. He was entitled to appeal and by reason of the invalidity of the order to have it vacated on appeal.

■ The order of court of March 28, 1934, confirming the sale is predicated upon the proposition that the purchasers were estopped to withdraw the bid. It is true that the appellant not only acquiesced in the proceedings for a new sale, but stated that he intended to bid at the sale. In addition thereto in attempting to protect the title the appellant consented to the use of $10,288.77 of his deposit for the payment of taxes and other liens upon the property. It is difficult to see upon what theory an estoppel can be raised against the purchaser. The fault in making the sale without compliance with the law was not that of the purchaser but of the receiver. There was no estoppel arising from the fact that the appellant co-operated with the receiver in attempting to perfect the sale which was confirmed on June 16th before he learned of the invalidity of the sale. No estoppel arose from a co-operation of the bidder with the receiver in bringing about the resale of the property after proper notice. This was the only way in which the property could be properly sold. The receiver seems to justify the order of confirmation upon the theory that the bid of June 16, 1933, was based upon a consideration and therefore was a continuing offer which could not be withdrawn, stating: "It is a well settled principle of law that where an offer is supported by a consideration it may not be withdrawn without the offerees' consent, during a reasonable period for its acceptance. Braselton v. Vokal, 53 Cal. App. 582, 200 P. 670; McCowen v. Pew, 18 Cal. App. 302, 123 P. 191."

■ We cannot see the applicability of this rule. The bid expressly states that it was subject to confirmation of the sale on or before June 17, 1933. That confirmation was made but later revoked.

The receiver contends that the order of June 16th accepting the bid made by the appellant at that time "is a valid order of confirmation of sale notwithstanding that jurisdiction was not exercised in accordance with the act of March 3, 1893 * * *. The objections now urged by the appellant to the validity of the order of June 16th come too late. We respectfully submit that for the reasons stated the order of June 16th is valid and beyond the reach of objections."

It has been held by the Circuit Court of Appeals of the Fourth Circuit that a judicial sale made without complying with the Act of March 3, 1893 (27 Stat. 751 [28 USCA §§ 847–849]) is void. Cumberland Lumber Co. v. Tunis Lumber Co., 171 F. 352. The Circuit Court of Appeals for the Sixth Circuit, in Westmoreland Brick Co. v. Malleable Iron Co., 16 F.(2d) 371, 372, said: "The act in question [27 Stat. 751, 28 USCA § 847, et seq., supra] prescribes the minimum of notice for certain sales of real estate, requiring newspaper publication thereof once a week for at least four weeks prior to the sale. This requirement is sufficiently mandatory, we think, to render erroneous any sale to which the statute is applicable and which was not made in substantial compliance with its terms."

However, it is unnecessary for us to determine the effect of the order of June 16, 1933, confirming the sale made in open court to appellant and E. J. Preston for that question is not involved here. This appeal is not taken from the order of confirmation of June 16, 1933, but from the order of confirmation of March 28, 1934. As we have already pointed out, the confirmation of sale of June 16th was abandoned by all parties and if not formally vacated by the order directing a new sale at public auction was in legal effect superseded thereby.

It appears from the record that $10,288.77 of the appellant's money has been used in the discharge of liens upon the real estate in the hands of the receiver. He is entitled by subrogation to the liens thus discharged, and when the property is sold by the receiver he should receive from the proceeds thereof the amount of the money thus advanced with interest thereon at the legal rate of 7 per cent. The order of confirmation of sale of March 28, 1934, is reversed, and the case returned to the trial court for action not inconsistent herewith.