[Civ. No. 26383.   Second Dist., Div. Four.   Mar. 22, 1963.]

JOSEPH MIHOJEVICH, Plaintiff and Respondent, v. FLOYD S. HARROD et al., Defendants and Appellants.

Leonard D. Nasatir for Defendants and Appellants.

Kenneth W. Gale for Plaintiff and Respondent.

BURKE, P. J. — Plaintiff acquired a one-half interest in certain mining claims from defendants. Defendants transferred the remaining one-half interest to plaintiff as security for moneys advanced by plaintiff to defendants. Prior to these transfers to plaintiff the federal government filed two civil actions in the United States District Court for the Southern District of California, Central Division, one action to condemn the fee title to the property and the other to condemn a leasehold interest in the property. Defendants herein were likewise defendants in the condemnation actions although plaintiff was never served with process in those cases nor did he appear therein.

During the pendency of the condemnation suits, defendants and their attorney represented to plaintiff that if he would transfer the title to the mining claims back to defendants it would greatly expedite the settlement of the condemnation proceedings and enable both parties to secure compensation from the government for their property without delay. Defendants orally agreed that, in consideration of such retransfer, an assignment to defendants of all rights to recover any prior rental value of the mining claims, and a disclaimer in the condemnation suits, defendants would pay to plaintiff one-half of their recoveries in the condemnation actions. Plaintiff agreed, and performed his part of the bargain.

Defendants recovered a gross amount of $92,400 from the government in the condemnation suits, and a net amount, after deduction of attorney's fee and cost of litigation, of $57,-941.60. After receipt of such sum from the government, defendants repudiated their oral agreement with plaintiff to pay him one-half of such recovery. Plaintiff brought suit on the oral agreement and was awarded judgment in the amount of $28,970.80, being one-half the net amount recovered by defendants in the condemnation proceedings. The present appeal is from the judgment to such effect.

Defendants contend (1) that parol evidence was erroneously admitted to vary the terms of the written instruments by which defendants reacquired the property, (2) the proof was insufficient to hold defendants indebted to plaintiff, (3) the federal court condemnation judgment was res judicata in the matter, and (4) the disclaimer unconditionally released defendants.

Defendants contend plaintiff's testimony of his oral agree-

ment with defendant Floyd S. Harrod is not admissible to vary the terms of the grant deed and assignment received from plaintiff; that such instruments were complete in themselves and constituted one complete integrated agreement in writing.

Plaintiff had pleaded the collateral oral agreement and failure of consideration. Parol evidence was admitted to prove such failure of consideration for the transfer and assignment involved. ■ The admissibility of evidence is dependent upon the recovery sought, the facts alleged and the issues joined. ■ Consequently, there being a total failure of consideration parol evidence was admissible to prove such failure. (Code Civ. Proc., § 1962, subd. 2; Civ. Code, §§ 1614 and 1615; *Field* v. *Austin*, 131 Cal. 379 [63 P. 392]; *Shepard* v. *Hunt*, 43 Cal.App. 630 [185 P. 677].)

■ The true consideration for a deed or assignment may always be shown. In *Miller* v. *First Savings Bank of Colusa*, 90 Cal.App. 387, 389 [266 P. 294], the court stated: "There is no attack upon the deed; the only attack is upon the consideration and the law is well settled that the true consideration, or failure of consideration, or want of consideration may always be shown by extrinsic evidence."

In *Merced Oil Mining Co.* v. *Patterson*, 153 Cal. 624 [96 P. 90], it was held that a collateral agreement made as a consideration for the transfer of property could be proven by parol testimony and the agreement need not be embodied in the deed.

Plaintiff asserts the assignment, which included a disclaimer, can be viewed under the pleadings and testimony as one for collection only, giving defendants the bare legal title to a chose in action. ■ In *Harrison* v. *Adams*, 20 Cal.2d 646, at p. 650, [128 P.2d 9], the court stated: "An assignment for collection vests legal title in the assignee which is sufficient to enable him to maintain an action in his own name, but the assignor retains the equitable interest in the thing assigned. [Citations.]" ■ In *Embassy Realty Associates, Inc.* v. *Southwest Products Co.*, 126 Cal.App.2d 725, at p. 730, [272 P.2d 899] the court states: "Even though a writing purports to make an absolute transfer, extrinsic evidence may be received of a collateral agreement to hold the property as security or in trust." ■ In the present case the assignment was given to defendants to enable them to collect the condemnation award. Plaintiff has not disputed defendants' right to collect the award but demands the consideration promised by which defendants secured the bare legal title to collect the

award. The court properly held the assignment to be one for collection made upon defendants' promise to pay to plaintiff one-half the sums received.

Plaintiff relies on the rule that parol evidence is admissible to prove a latent or extrinsic ambiguity. The instruments in question in this case made no recitations regarding the time or manner of payment of consideration therefor. Such lack presents a latent ambiguity which permits the admission of the entire oral agreement regarding consideration to explain such extrinsic ambiguity. In *Wolters* v. *King,* 119 Cal. 172 [51 P. 35], a contract made no provisions as to time of payment. The court held that it was proper to allow introduction of contemporaneous oral agreements to prove that the broker had agreed to wait for his commission. Here, the trial court properly permitted parol evidence to be admitted to explain the ambiguity.

It is significant that the evidence shows that in the condemnation actions (which had been consolidated for trial) the federal court had ordered defendants' attorney, Mr. Fall, to subpoena plaintiff into court but instead defendants obtained the assignment and disclaimer from plaintiff and advised the federal court that the money due from defendants to plaintiff would be taken care of outside of court.

Defendants contend that the condemnation judgments in the federal court were res judicata, finally and conclusively determining the rights of the parties; that the federal court found plaintiff had actual notice of those proceedings and that the federal court had personal jurisdiction over him; that plaintiff confirmed the judgments by the written disclaimer; and the judgments find title in the defendants and no interest in either the mining claims or the award in plaintiff.

Plaintiff correctly contends that defendants did not plead the defense of res judicata and it was therefore waived. (Code Civ. Proc., § 1962, subd. 6; *Domestic & Foreign Petr. Co.* v. *Long,* 4 Cal.2d 547, 562 [51 P.2d 73]; *Dillard* v. *McKnight,* 34 Cal.2d 209, 219 [209 P.2d 387, 11 A.L.R.2d 834].)

Furthermore, in *Kettelle* v. *Kettelle,* 110 Cal.App. 310 [294 P. 453], the court held that res judicata does not apply to facts arising between the dates of an interlocutory and final decree and stated at page 312: "... and does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated (...; *Metropolis etc. Sav. Bank* v. *Barnet,* 165 Cal. 449 [132 P. 833])."

The federal court actions were in rem and plaintiff

was not served in said actions and did not appear therein. Further, no issues were framed between plaintiff and defendants in the federal actions. The lower court, accordingly, properly found plaintiff was not a party to said actions.

In the federal condemnation actions, long after the judgments had become final, the court issued an order to show cause, directed to plaintiff, why he should not be enjoined and restrained from asserting any interest in the proceeds recovered by defendants, from prosecuting the first, second, and fifth causes of action in the instant case, and release any attachments based on those causes of actions. The trial court did not deem such order by the federal court to have any effect on the trial of this matter. ▆▆▆ The fact that an order or judgment issues out of a federal court does not give such efficacy to that order that a state court has to take it at face value and cannot look behind it. In *Van Kirk* v. *Superior Court*, 144 Cal.App. 2d 66, 76 [300 P.2d 706], the court states: "The bankruptcy court did not by its [restraining] order pass upon any rights of petitioner, and its order does not purport so to do.

"The order is, therefore, not res judicata, and is not one to which the courts of this state are obligated to give full faith and credit."

▆▆▆ Lastly, defendants claim that they were unconditionally released from all causes of action plaintiff might assert by the assignment which plaintiff executed and which released and assigned all claims to "the just compensation to be awarded by the court in those certain condemnation actions. . . ." The trial court found that this instrument was executed upon the representations of the attorney for defendants that the assignment was necessary to obtain the money which defendants owed plaintiff and that such money would be paid as soon as they received the compensation in the condemnation actions. The court further found that the assignment was for collection, that plaintiff was not estopped to claim against defendants on the collateral agreement to pay because of such assignment, and that in fact the defendants, because of their actions, were themselves estopped from asserting any estoppel by way of such assignment. Finally, the trial court noted correctly the assignment only discharged the United States of America, its agents and employees from all claims of plaintiff to participate in the condemnation awards; it only disclaims in favor of the United States. It does not disclaim in favor of or discharge defendants and it does not inhibit, therefore, recovery by plaintiff upon the latter establishing by

acceptable proof his right to such recovery. This, the record substantially indicates, he has done.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied April 9, 1963, and appellants' petition for a hearing by the Supreme Court was denied May 14, 1963.