PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. March 4, 1908.)

RECEIVERS—ALLOWANCE AND PAYMENT OF CLAIMS—PROCEEDINGS.

In order to expedite proceedings in insolvency against street railroad companies, where a large number of claims for torts are presented, they may properly be divided into groups, and a special master appointed to liquidate each group, in so far as the claims have not been liquidated by suit.

See 160 Fed. 221, 222, 224.

Byrne & Cutcheon, for complainant.
James L. Quackenbush, for defendants.
Masten & Nichols, for receivers.

LACOMBE, Circuit Judge. Several thousand claims (other than those on contract) have been filed with the special master, and from the statements contained in receivers' petition filed herewith it seems desirable that something should be done to facilitate their liquidation. A proceeding such as this, as the United States Supreme Court intimated in its recent decision in Re Konrad, 28 Sup. Ct. 219, 52 L. Ed. ——, should be expedited. It is essential to such expedition that the total amount of provable claims against the property in the hands of receivers should be determined promptly. This may be most conveniently done by dividing them into groups and appointing additional special masters to undertake the work of liquidating such of them as may not have been already liquidated by trial and verdict before they are called for hearing.

One of these groups comprises claims and actions thereon against the New York City Railway Company to recover statutory penalties for failure to give transfers to passengers. Of these there are 4,203, distributed as follows:

| | |
|---|---|
| 1904 | 1 |
| 1905 | 758 |
| 1906 | 3,124 |
| 1907 | 320 |
| | 4,203 |

During the four months which have elapsed since the appointment of special master none of these actions have been tried. Among them

there are, no doubt, very many causes where transfers were refused to bona fide passengers; but from such information as the receivers have been able to obtain by far the larger number are claims by persons who engaged in the occupation of being refused transfers as a novel and lucrative industry—a circumstance which the Appellate Division of the Supreme Court in this Department has held to be fatal to recovery. When the wheat shall be separated from the chaff, it would seem that those having meritorious claims may be afforded an opportunity for speedy liquidation before a special master, who can give exclusive attention to their cases. He will, of course, follow the decisions of the higher state courts on all questions touching the construction of the state statute under which the claim arises, and in all instances where a claim shall have been adjudicated in a state court before it is taken up for consideration by him will liquidate in conformity to the decision of the state court, except in cases where newly discovered evidence may show that such court was imposed upon.

There are also many claims filed for damages, based on negligence and other torts, on which claims actions were brought as follows, for accidents:

| | |
|---|---|
| In 1902 | 45 |
| " 1903 | 172 |
| " 1904 | 387 |
| " 1905 | 647 |
| " 1906 | 852 |
| " 1907 | 716 |
| | 2,819 |
| Year not given | 52 |
| | 2,871 |

There are also 100 claims against the Metropolitan Street Railway Company for accidents prior to lease to New York City Railway Company. These and the actions of 1902, 1903, and 1904 are what may be called "old actions," which for some reason have become stranded, presumably in many cases because the attorneys having them in charge have but little expectation of success. It is unreasonable to suppose that meritorious causes of action, in which a money judgment might have been recovered years ago, should be thus allowed to slumber. They should be promptly put in a position where they will no longer impede the progress of this proceeding, so that the abandoned causes may be eliminated, and those in which a trial is wished for may be tried without further delay.

The actions for accidents begun in 1905 could also have been tried long before now, had plaintiff's attorneys been reasonably diligent. The state courts have several parts devoted to the trial of actions of this sort, and certainly are not in the habit of refusing a plaintiff the right to try his cause promptly, because of any dilatory excuse on the part of a defendant corporation. The issues of this year (1905), therefore, will also be sent as a single group to an additional special master, and the "old actions" (prior to 1905) to still another special master.

As to the actions for accidents begun in 1906, it cannot be said that plaintiff's attorneys have been dilatory; but, in view of the large number of them, it is desirable that an additional special master should be selected to hear them, and thus give claimants an opportunity for prompt liquidation. *

An order may be prepared directing Special Master William L. Turner to transfer for liquidation all claims for refusal of transfer to a special master to be named by the court, and directing said special master to proceed according to the practice in equity to take such proof as may be presented in each case and report thereon to this court with all convenient speed. When these claims shall have been liquidated, and liquidation approved by the court, they will be returned to Special Master Turner for classification with the other claims.

Similar orders may be prepared as to tort actions for 1905, for 1906, and tort actions prior to 1905, and a similar separate order covering actions against the Metropolitan Street Railway Company.