PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO.

(Circuit Court, S. D. New York. March 16, 1908.)

CORPORATIONS—INSOLVENCY PROCEEDINGS—PROOF OF CLAIMS.

In insolvency proceedings against a corporation, no claimant can be recognized as entitled to share in the assets in the hands of the receivers, unless his claim has been proved before a master in accordance with the order of the court, although judgments obtained against the corporation in other courts may properly be accepted by the master as sufficient proof of the claims and their amount.

See 160 Fed. 221, 222, 224.

Byrne & Cutcheon, for complainants.
James L. Quackenbush, for defendant.
Masten & Nichols, for receivers.

LACOMBE, Circuit Judge. Some of the special masters who have been appointed to liquidate the claims of alleged creditors which have been filed against defendant report that there seems to be some misunderstanding as to the practice. When receivers were appointed it was stated by the court that in liquidating claims the master would accept a judgment in favor of the claimant as sufficient proof of the claim and its amount, unless there was some evidence to show that the court rendering the judgment had been imposed upon. As was pointed out in a memorandum recently filed (161 Fed. 784), that statement was not intended to imply that this proceeding should be held up indefinitely till all claimants might bring to trial such actions as had been brought upon their claims. Judging from past experience, such a course would postpone the termination of this receivership for years to come.

No claimant can be recognized as entitled to receive any distributive share of whatever assets have come or may come into receivers' pos-

session, unless his claim has been proved and its amount liquidated before the special master agreeably to equity practice. The master will make up a calendar and give proper notice to claimants. As each claim is reached in its order, he will proceed to liquidate. If a judgment sustaining it is presented, he will liquidate in conformity thereto. If no judgment be presented, he will liquidate on such evidence as may be produced before him by claimant and defendant. If the claimant presents no evidence, he will liquidate on defendant's proofs. If no evidence at all is presented, he will report that fact to the court, showing that notice to liquidate was duly given, and stating that the claim is disallowed for the reason that there is nothing to show its validity.

The court does not undertake to restrain claimants whose claims were in suit before receivership, or have since been sued upon, from prosecuting such suits to judgment against the defendant; but, except in cases where some lien on the property was acquired before receivership, it is only the claims that have been proved before the special master which will be entitled to share in whatever dividend may be distributed when the assets or their proceeds are marshaled.