## THE PHANTASY.

### MORRIS v. ULIZIO et al.
### No. 1418.

District Court, D. Delaware.
Nov. 2, 1933.

Harry P. Joslyn, of Wilmington, Del., and Willard M. Harris, of Philadelphia, Pa., for libelant.

NIELDS, District Judge.

John B. Morris filed a libel in personam against Rosamund A. Ulizio and Patricia C. Ulizio, both residing in New Jersey, owners of the power boat Phantasy, now in this district. The libelant prays "that a writ of execution may issue from this court directing the Marshal to seize and sell said power boat 'Phantasy' under and by virtue of the final decrees and summary judgments and executions entered by the United States District Court for the District of New Jersey in admiralty herewith transferred to this court." The libelant moves only for execution.

In February, 1931, three separate libels in rem were filed in the district of New Jersey against the power boat Phantasy. After attachment the usual claim and stipulation for value, with surety, was filed in each case and the vessel released. The cases proceeded to final decree. These decrees were assigned to Morris, the libelant here. Certified copies of the proceedings in New Jersey were filed as exhibits to the libel. No process or notice to respondents has issued and neither has voluntarily appeared.

Can execution issue upon the New Jersey decree? A final decree entered in another district does not become the decree of this court. Such a decree has no extraterritorial operation. A new suit must be instituted in the district in which the decree is sought to be enforced. Upon the filing of a libel in personam, process "by a simple monition in the nature of a summons to appear and answer to the suit" issues with or without attachment clause. Admiralty Rule 2 (28 US CA § 723). The issuance and service of such process, or attachment of respondent's property within the district, is necessary to give the court jurisdiction to proceed to judgment. Nothing could be more unjust than that a person should have his property seized on execution and disposed of by a tribunal without some process being served upon him by which he will have notice to appear and defend himself. The final judgment in the New Jersey court cannot relieve this court from ascertaining whether the judgment is one this court should enforce. In such ascertainment the respondents are entitled to their "day in court." Libelant relies on Pennsylvania Railroad Co. v. Gilhooley (D. C.) 9 F. 618. In that case a final decree was entered in New York. A libel based upon it was filed in Pennsylvania. The respondent appeared and filed exceptions to the libel, later, by agreement, considered as an answer. The case was heard on libel and answer, and the court in Pennsylvania entered its decree for the libelant and for execution. The case clearly has no application to the facts here.

Further, if a citation with attachment clause issued the Phantasy could not be attached. That vessel was seized in New Jersey upon libels in rem based on the same cause of action as is this libel. The claimants, re-

spondents in this action, entered into bonds with sureties and the vessel was released. Bonds given on the release of the vessel in actions in rem become the substitute for the vessel, and the remedy of the libelants in case they prevail is transferred from the vessel to the bond or stipulation. United States v. Ames, 99 U. S. 35, 42, 25 L. Ed. 295. "That a vessel discharged from arrest upon admiralty process by the giving of a bond or stipulation for her value, or for the payment of the amount claimed in the libel, returns to her owner freed forever from the lien upon which she was arrested, and can never be seized again for the same cause of action, even by the consent of parties, is a proposition too firmly established to be open to question." The William F. McRae (D. C.) 23 F. 557, 558.

The motion for execution must be denied.