rates no greater than those in effect at the time they came under the operation of the Utilities Act, until a determination of a rate by the commission. That such latter rates are lower than the rates determined by the commission and which the complainants seek to enjoin as confiscatory.

It is only necessary to say that no statute or rate-making body can enforce confiscatory rates.

The writ of injunction may issue to enjoin the enforcement of the rate set forth in the said decision of the Railroad Commission.

al, and the court has no jurisdiction of the individual, but this is a procedure for the reorganization of the debtor and speedy action is required.

If the individual defendant in the state court action shall demand a jury trial, the trial might be delayed two or three years, and thus the reorganization would be rendered ineffective.

If the Elk-Dixie Furniture Corporation has any claim that may be considered in this proceeding, it should be speedily tried out before a master; and if such claim is made in the proper form against the debtor, and objected to, I will refer it to a special master for hearing and report.

Motion denied. Settle order on notice.

### In re UNITED TEXTILE PRINT WORKS, Inc.
### No. 28040.

District Court, E. D. New York.

Oct. 11, 1935.

### In re JAMES BUTLER GROCERY CO.
### No. 27789.

District Court, E. D. New York.

Nov. 19, 1935.

Jacob M. Kram, of New York City, for Elk-Dixie Furniture Corporation.

Wood, Molloy & France, of New York City, for debtor.

CAMPBELL, District Judge.

This is a motion to modify the stay granted herein, so as to permit Elk-Dixie Furniture Corporation to proceed in an action against the debtor in the state court.

The assets of the debtor are under the control of this court, and this court cannot permit them to be interfered with by any other court.

It is true that the action in question is brought against the debtor and an individu-

Kleiner & Britwitz, of New York City, for petitioners, for the motion.

Morgan & Lockwood, of New York City (Alfred J. L'Heureux and Harding Cowan, both of New York City, of counsel), for debtor opposed.