## In re JAMES BUTLER GROCERY CO.
### No. 27789.

District Court, E. D. New York.
Nov. 19, 1935.

Kleiner & Britwitz, of New York City, for petitioners, for the motion.

Morgan & Lockwood, of New York City (Alfred J. L'Heureux and Harding Cowan, both of New York City, of counsel), for debtor opposed.

BYERS, District Judge.

This is a motion for leave to commence in a state court an action against a corporate debtor in possession, to recover damages for personal injuries said to have been sustained through the debtor's negligence subsequent to the date of the order permitting it to continue in possession.

There was a stay granted in that order, pursuant to section 77B, subd. c, cl. 10, of the Bankruptcy Law, 11 U.S.C.A. § 207 (c) (10), enjoining the commencement of suits against the debtor until after final decree, and the motion therefore involves a lifting of that stay for the benefit of the moving party. A rather obscure question of interpretation and construction is presented.

By the terms of the statute, the court has exclusive jurisdiction of the debtor and its property wherever located, and may exercise all powers not inconsistent with the act, which it would have exercised if it had appointed a receiver in equity.

The debtor while in possession under order of the court (if so authorized) may exercise all the powers of a trustee (subdivision c, cl. 11, 11 U.S.C.A. § 207 (c) (11) and the trustee may exercise the powers of a receiver in equity in addition to those implicit in the following: "Such trustee * * * shall have all the title and shall exercise, subject to the control of the judge and consistently with the provisions of this section, all the powers of a trustee appointed pursuant to section 44 of this act * * * [section 72 of this title]." (Subdivision c, cl. 2, 11 U.S.C.A. § 207 (c) (2).

Therefore apparently the trustee under section 77B, or his alternate, the debtor in possession, is a combination of an ordinary trustee in bankruptcy and a receiver in equity, unless the order of appointment is circumscribed so as to limit such amplitude of function.

No such limitation is here involved.

All sections of the Bankruptcy Act, not inconsistent with section 77B, apply to proceedings thereunder, except those enumerated in clause k, 11 U.S.C.A. § 207 (k); these shall not apply unless an order of liquidation has been entered.

No such order has been entered here.

One of the sections thus excluded is section 63, 11 U.S.C.A. § 103, having to do with "Debts which may be proved." That section has been construed to prevent the liquidation, under section 63, of tort claims existing prior to adjudication in bankruptcy. See In re New York Tunnel Co. (C.C.A.) 159 F. 688. From such a claim there is no discharge under the Bankruptcy Act.

Under section 77B, however, " 'Claims' includes debts, securities, other than stock, liens, or other interests of whatever character." Subdivision b, cl. 10, 11 U.S.C.A. § 207 (b) (10). "Creditors" includes, for all purposes of the section, the reorganization plan, its acceptance and confirmation, "all holders of claims of whatever character against the debtor or its property * * *." Idem.

The consummation of reorganization under section 77B is followed by the termination of the proceedings, which involves the entry of a final decree which "shall discharge the debtor from its debts and liabilities, and shall terminate and end all rights and interests of its stockholders, except as provided in the plan or as may be reserved as aforesaid." Subdivision h, 11 U.S.C.A. § 207 (h).

The foregoing would seem to mean that a tort claim would be discharged, and hence should be liquidated and allowed in this proceeding. There is no provision for liquidation of claims as such, but the right to refer any matter (subdivision c, subd. 11, 11 U.S.C.A. § 207 (c) (11)) is probably sufficient.

Subdivision o of the same section, 11 U.S.C.A. § 207 (o), is thought not to be to the contrary effect; it provides that in proceedings under section 77B "and consistent with the provisions thereof, the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved."

Consistency with the provisions of section 77B is the requirement in limine to the similarity declared to exist in the respective proceedings, between the rights and liabilities of creditors "and all persons".

Lack of consistency between the two statutes necessarily excludes any blanket application of the earlier to the later enactment.

There is such a lack of consistency here presented, in that under bankruptcy generally there can be no discharge of an asserted tort claim, while the apparent purpose of section 77B is to subject such a claim to discharge in the final decree.

So interpreted, subdivision *o*, 11 U. S.C.A. § 207 (*o*), is in harmony with subdivision k, 11 U.S.C.A. § 207 (k), and effect can be given to the paramount purpose of the entire section 77B by concluding that tort claims can be discharged, once they have been liquidated and established or allowed in this proceeding.

The further question of the method of liquidation need not present difficulties if the claimant is satisfied to make his proof before a Special Master. The claimant who insists upon his constitutional right to a jury trial would do well to reflect that, while the court may not be enpowered to deprive him of that right, it can control the time for the presentation and the allowance of claims, and the application of the debtor's property thereto. Earlier judicial expression upon this subject in an equity receivership will be found in Pennsylvania Steel Co. v. New York City R. Co. (C.C.) 157 F. 440, at page 447, and in the same case in a later aspect in (C.C.) 161 F. 786.

It has been recently held that liquidation by suit in a state court need not defer the fixing of a time within which this is to be done. In re Missouri Gas, etc., Co. (D.C.) 11 F.Supp. 434.

These considerations yield the view that, while a tort claimant may not be stayed from liquidating his claim in a state court action, expediency will ordinarily divert him from that course.

In re United Textile Print Works, Inc., 12 F.Supp. 851, decided October 11, 1935, in this court by Judge Campbell, is to be distinguished from this motion, in that the plaintiff in that case did not raise the question of his right to liquidate his claim in a jury trial.

Nor is it thought that a comparison between sections 77 and 77B (as amended, 11 U.S.C.A. §§ 205, 207) hereinafter briefly referred to, points to a different conclusion.

Does a different result follow if the tort claimant has become such after the approval of the petition and the entry of the order continuing the debtor in possession?

As has been seen, under such an order the position of the debtor is legally the equivalent of that of a trustee appointed by the court, and the latter is a combination of a trustee in bankruptcy and a receiver in equity.

In the latter aspect, the debtor in possession would not be in a position to restrain liquidation of the claim in a state court suit, if this court has correctly read Chicago T. & T. Co. v. Fox, etc., Corp. (C.C.A.) 69 F.(2d) 60, 91 A.L.R. 991.

In the broader or bankruptcy aspect of its status, the debtor may seek to invoke Vass v. Conron Bros. Co. (C.C.A.) 59 F. (2d) 969, in which it was decided that a trustee who was formerly a receiver in bankruptcy may stay a state court suit against him in his representative capacity, in a cause based upon his alleged misconduct while holding property as receiver.

The court was at pains to point out that the defendant in the state court action was charged at most with an alleged breach of contract with respect to the estate in bankruptcy while he was maintaining it in statu quo; that the asserted liability did not arise out of "any act or transaction" of the trustee "in carrying on the business connected with" the property entrusted to him.

The quotations have to do with section 66 of the Judicial Code (title 28 U.S.C. § 125 [28 U.S.C.A. § 125]) concerning suits against a receiver who may be sued "in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

The opinion in the Vass Case seems to suggest that, if the acts complained of had been incidental to the carrying on of business, the quoted section would have applied. See also In re Kalb & Berger Mfg. Co. (C.C.A.) 165 F. 895.

The only question of construction involved in deciding whether these cases govern the situation here is whether there is a technical difference between a receiver

854

in bankruptcy and a trustee in bankruptcy, for the purposes of the quoted section of the Judicial Code.

If the opinion in the Vass Case, 59 F.(2d) 969, at page 970, is understood, there is no such difference.

It results therefore that this debtor in possession is subject to suit in a state court, without leave of this court, at the instance of the party making this motion, who alleges negligence by the debtor in the conduct of its business, many months subsequent to the order continuing it in possession.

This conclusion is reached with reluctance. The court has reflected that in section 77 having to do with the reorganization of railroads, amended as recently as August 27, 1935 (11 U.S.C.A. § 205) the right to maintain suits or claims for damages caused by the operation of trains, etc., shall not be stayed. (Such stays being excepted from those authorized by section 11 of the Bankruptcy Act, 11 U.S.C.A. § 29). From this it might be urged that, since Congress deliberately refrained from a similar expression of purpose in enacting section 77B, such actions may be stayed in a proceeding thereunder. So much might be argued plausibly with respect to causes arising prior to the order constituting the debtor the agency of the court to conduct business; but it does not overcome the provisions of section 66 of the Judicial Code (28 U.S.C.A. § 125), touching suits against the receiver or manager appointed by the court in respect of his act or transaction in carrying on the debtor's business.

As to such matters, the right to sue a trustee or debtor may well delay and perhaps frustrate reorganization, but the court has no choice but to follow the statute as it has been construed by decisions which are controlling.

As the moving party has the right to proceed in the state court, he is entitled to an order vacating the stay as to his proposed action at law. The order should recite, however, that it is not to be deemed to extend the time within which claims may be filed against the debtor in this proceeding, or otherwise to affect the administration of the debtor's property in this proceeding.

Motion granted. Settle order on 2 days' notice.