[Civ. No. 21858.   Second Dist., Div. One.   Aug. 21, 1956.]

WILLIAM M. VAN KIRK, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondent; AMERICAN BUS LINES, INC. (a Corporation), Real Party in Interest.

James G. Butler and H. H. Hegner, Jr., for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Spray, Gould & Bowers and Malcolm Archibald for Real Party in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner here is the plaintiff in an action for personal injuries brought by him in the respondent court against American Bus Lines, Inc. The trial court has stayed all proceedings in said action, either to dispose thereof on its merits, or to permit plaintiff to take the deposition of the driver of defendant's bus. Petitioner here seeks a writ of mandate to compel respondent court to vacate its order staying all proceedings and to compel the respondent court to permit plaintiff to prosecute discovery proceedings in the action.

Defendant in the subject action, and real party in interest here, American Bus Lines (hereinafter called American), is a corporation engaged in the interstate carriage of passengers for hire by motor vehicles. On February 10, 1954, American filed a voluntary petition for reorganization pursuant to chapter 10 of the act of Congress relating to bankruptcy, in the District Court of the United States for the District of Nebraska, Lincoln Division.

On that day the district court ex parte made and entered its order by which it, among other things, approved the petition and appointed Richard W. Smith trustee, and one Aikman, general manager of American's eastern lines, additional trustee. It authorized the additional trustee to operate the business and manage the property of American, the debtor in the proceedings, and in so doing to defend such actions in state courts as in his judgment he deemed advisable for the protection, maintenance, and preservation of the property and rights of the debtor's estate. It directed the trustee Smith to prepare and file with the court a list of creditors of each class showing the amounts and character of their claims and securities, and their names and addresses.

Paragraph 20 of its order provides in part as follows: ''That until final decree or further order of this court, all creditors . . . and all sheriffs . . . and all other persons, firms and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity against said debtor, said trustee or said additional trustee, in any court, or from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment, *subpoena,* replevin, execution or other process *for the purpose of impounding or taking possession of or interfering with or*

---

*Assigned by Chairman of Judicial Council.

*enforcing a lien upon any property owned by or in the possession of the said debtor,* or said *trustee or said additional trustee,* and from doing any act or things whatsoever *to interfere with the possession or management by said debtor,* said trustee, or said additional trustee *of the property and assets of the within estate, or in any way interfere with said trustee or said additional trustee in the discharge of his duties herein,* or to interfere in any manner during the pendency of this proceeding with the exclusive jurisdiction of this court over said debtor, said trustee and said additional trustee and their respective properties; . . . .'' [Emphasis added.] By paragraph 23 the court reserved jurisdiction to vacate, amplify, or modify this order.

The additional trustee took over the operation of plaintiff's business, the interstate transportation of passengers; and on the 2nd day of September, 1955, one of the debtor's buses, while being operated by the trustee in California, collided with an automobile in which petitioner was riding. It is the alleged negligent operation of that bus which is the basis for petitioner's cause of action in the subject action now pending in the respondent court.

The injunction granted by paragraph 20 of the order of the reorganization court is the sole basis for the orders of the respondent court which are attacked here.

Petitioner contends that the injunction does not by its terms enjoin the commencement and prosecution by him of the subject action. It is his further contention that he has a statutory right to commence and maintain the subject action, and that it was beyond the power of the district court to, by blanket ex parte order, enjoin him from so doing.

We have reached the conclusion that petitioner's contentions above stated must be sustained. The statutory basis for the order in question is found in section 516, title 11, U.S.C.A. So far as pertinent here, this section reads: ''Upon the approval of a petition, the judge may, in addition to the jurisdiction, powers, and duties in this chapter conferred and imposed upon him and the court—— . . .:

''(4) in addition to the relief provided by section 29 of this title, enjoin or stay until final decree, the commencement or continuation of a suit against the debtor or its trustee or any act or proceeding to enforce a lien upon the property of the debtor.''

Section 29 provides in substance that a suit which is founded upon a claim from which a discharge in bankruptcy would

be a release[1] and which is pending against a person at the time of filing a petition in bankruptcy, shall be stayed until adjudication or dismissal of the petition and for 12 months after adjudication. It further provides that the court may order a trustee to enter appearance and defend any pending suit against the bankrupt.

Section 516 was enacted as a part of the so-called Chandler Act in 1938. This section, as well as the order of the court issued under it, must, however, be read in the light of section 959 of title 28, U.S.C.A. This section reads as follows:

"Trustees and receivers suable; management; State laws (a) *Trustees,* receivers or managers of any property, *including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.* Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

"(b) A trustee . . . shall manage and operate the property in his possession as such trustee . . . according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." [Emphasis added.]

It is American's contention that section 959(a) is not applicable here, but that when Congress in 1938 enacted paragraph 4 of section 516, which is based upon former section 207(c)(10) of title 11, U.S.C.A., and added to the former section actions against trustees as well as actions against the debtor, it intended to exclude from the operation of section 959 proceedings under chapter 10 of the Bankruptcy Act.

This contention cannot be sustained. At the time of the enactment of section 516 of title 11 the provisions of section 959 of title 28 were found in section 125 of that title, and that section related to suits against receivers only, although a debtor in possession in a reorganization proceeding was held to be a receiver within the meaning of that section.[2]

---

[1]Under section 516(4), prosecution of a claim existing at the time a petition is filed and approved may be enjoined, even though not dischargeable in bankruptcy (Collier on Bankruptcy, 14th ed., vol. 6, p. 737).

[2]*In re James Butler Grocery Co.,* 12 F.Supp. 851, 853.

In 1944 Congress undertook the revision of title 28, U.S.C., and in 1948 enacted section 959 of title 28 in its present form; and as we have seen, it now expressly refers not only to receivers but to trustees or managers of any property, including debtors in possession. In the revisor's notes to this section it is stated that the section was extended so as to be applicable to trustees and debtors in possession. (1948 U.S. Code Congressional Service, title 28, history and notes, p. 1819.)

It is thus clear that it was the intention of Congress to make the provisions of section 959, title 28, applicable to reorganization proceedings under chapter 10 of the Bankruptcy Act. This is the interpretation placed on sections 959 and 516(4) of title 11 by the text writers upon this subject. (Remington on Bankruptcy, 1947 Supp., vol. 11, §§ 4515, 4516; Collier's Bankruptcy Manual, 2d ed., p. 1086; Collier on Bankruptcy, 14th ed., vol. 6, pp. 744-747.) If it is not so interpreted, the words ''debtor in possession'' become surplusage and purposeless, as it is only in chapter 10 of the Bankruptcy Act that there is reference to a ''debtor in possession'' and it is only by that section that he operates his business as a trustee under the supervision of the court. Further, the use of the word *trustee* in this section loses most of its purpose, for it is only under section 205 of title 11, U.S.C.A. (reorganization of railroads), and chapter 10 of that title that there is provision for a trustee with general powers to operate and conduct the business of the debtor for the purpose of preserving it and returning it to him under a plan of reorganization; and it follows that to interpret the section as not applying to trustees appointed under these portions of the Bankruptcy Act would leave it applicable only to trustees in bankruptcy appointed to wind up the debtor's estate rather than to operate and preserve it.

In *Gableman* v. *Peoria, D. & E. R. Co.,* 179 U.S. 335 [21 S.Ct. 171, 45 L.Ed. 220], the Supreme Court had before it for interpretation section 959 as it existed before its codification. The act there before the court read: ''That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without previous leave of the court in which such receiver or manager was appointed; but *such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed so far as the*

*same shall be necessary to the ends of justice."* (Emphasis added.] In applying this statute to an attempt to remove an action against a receiver commenced in the state courts to the federal court, Mr. Justice Fuller stated: "This act abrogated the rule that a receiver could not be sued without leave of the court appointing him, and *gave the citizen the unconditional right to bring his action in the local courts, and to have the justice and amount of his demand determined by the verdict of a jury. He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice, than he would be entitled to if the property or business were not being administered by the Federal court.*

*"The object of the section is manifest, and it is equally plain that that object would be open to be defeated if the receiver could remove the case at his volition. The intention to permit this to be done cannot reasonably be imputed to Congress, and, moreover, such a right would be inconsistent with the general policy of the act.*

"*.    .    .    .    .    .    .    .    .    .    .    .    .*

"Of course it devolves on the court in possession of the property or funds out of which judgments against its receiver must be paid to adjust the equities between all parties, and to determine the time and manner of payment of judgment creditors necessarily applying for satisfaction from assets so held to the court that holds them. But, as we observed in *Texas & P. R. Co.* v. *Johnson,* 151 U.S. 103, 38 L.Ed. 89, 14 Sup.Ct.Rep. 250, '*the right to sue* without resorting to the appointing court, which involves the right to obtain judgment, *cannot be assumed to have been rendered practically valueless by this further provision in the same section of the statute which granted it.*' "[3] [Emphasis added.] (See also *Inland Gas Corp.* v. *Flint,* 255 S.W.2d 1006; *Kansas City, M. & O. Ry. Co. of Texas* v. *Latham,* 182 S.W. 717; *Kennison* v. *Philadelphia & Reading Coal & Iron Co.,* 38 F.Supp. 980, 983.)

It cannot be assumed that Congress, in broadening this statute to include trustees and debtors in possession, intended to make the rights granted by it any less unconditional than they had been held to be by the Supreme Court under the statute amended, or that Congress intended the language of the last sentence of the section as revised to have any dif-

---

[3]The provision referred to is the clause of the statute which we have italicized **above.**

ferent meaning than that assigned to it by the Supreme Court —that of giving the court in which the receivership or chapter 10 proceedings are pending the power to control any proceedings affecting the property in its custody, but giving it no power to enjoin the prosecution of actions in personam against its trustees or receivers in any other court of competent jurisdiction.

There can be no doubt that the federal district court in which the reorganization proceedings are pending had a right to make a blanket order enjoining any suit which would affect the title to or the right to the possession of the property which it took into its possession upon the approval of the petition and the appointment of the trustees (*Continental Ill. Nat. Bank & T. Co.* v. *Chicago R. I. & P. R. Co.*, 294 U.S. 648 [55 S.Ct. 595, 79 L.Ed. 1110]; *Ex parte Baldwin*, 291 U.S. 610 [54 S.Ct. 551, 78 L.Ed. 1020, 1023]), or, upon notice, to enjoin the prosecution of an action which, if successfully prosecuted by the plaintiff in a state court would embarrass the trustee in the prosecution of proceedings in the bankruptcy court to obtain title and possession to the property involved (*Steelman* v. *All Continent Corp.*, 301 U.S. 278 [57 S.Ct. 705, 81 L.Ed. 1085]), or actions by persons who were creditors[4] at the time of the filing of the petition (*Foust* v. *Munson Steamship Lines*, 299 U.S. 77 [57 S.Ct. 90, 81 L.Ed. 49]), although in the latter type of action it would be an abuse of discretion by the district court to refuse to grant leave to sue (*Foust* v. *Munson Steamship Lines, supra.*) It is just as clear that one injured through the negligence of the agents or the employees of the trustee in the scope and course of their employment by him in the operation of the business of the debtor may not be enjoined, but that he may prosecute his action in any court of competent jurisdiction.

We must assume that the district court, in issuing the injunction in question here, had knowledge of section 959 of title 28 and that it did not intend, by its injunction, to deny petitioner the unconditional right granted him by that section to sue in the courts of this state.

The District Court of the United States for the District of Minnesota, a comparable case, has reached this conclusion. In *Kennison* v. *Philadelphia & Reading Coal & Iron Co. supra*, the defendant was under reorganization pursuant to a

[4] A tort claimant is a creditor under chapter 10 of the Bankruptcy Act (see section 506 of title 11, U.S.C.A.).

voluntary petition filed by it pursuant to section 77B of the Bankruptcy Act in the District Court for the Eastern District of Pennsylvania. By the order of the court it was left in possession of its property and permitted to operate its business, and thereafter acted as trustee. Upon entering its order approving the petition, the District Court for the Eastern District of Pennsylvania entered an order enjoining all persons "from instituting and prosecuting or continuing the prosecution of any actions, suits, or proceedings at law or in equity . . . against the debtor . . . excepting, however, workmen's compensation proceedings against the debtor which said workmen's compensation proceedings may be instituted and prosecuted to final judgment; . . . ." In its capacity as debtor in possession, defendant entered into a contract with the plaintiff. It breached that contract and the plaintiff brought an action against it in the U.S. District Court for the District of Minnesota. The defendant there moved to dismiss the action upon the grounds that the commencement and prosecution of it had been enjoined by the bankruptcy court in Pennsylvania. In denying the motion the court said in part as follows (38 F.Supp. 982) :

"If it was the intention of the bankruptcy court to restrict the initiation of any action during the pendency of the proceedings, although the claim may have originated by reason of acts and transactions of the debtor after the filing of the petition, then this Court should not proceed with this action, but should either dismiss it or require the plaintiff to obtain modification of the order entered by the bankruptcy court. Clearly, this Court has no jurisdiction to modify the order of that court. However, if it was the intention of the bankruptcy court merely to enjoin suits on causes of action which had accrued prior to the filing of the petition, this proceeding should continue to trial in this forum. Section 77B, sub. c(10), does not require the court to enjoin or stay the commencement or continuation of suits against the debtor. 'The power to stay does not imply that it is to be, or appropriately may be, exerted without regard to the facts. . . . The court is to exercise the power conferred by subdivision (c)(10), 11 U.S.C.A. sec. 207 (c)(10), according to the particular circumstances of the case and is to be guided by considerations that under the law make for the ascertainment of what is just to the claimants, the debtor and the estate.' *Foust* v. *Munson S.S. Lines*, 299 U.S. 77, 83, 57 S.Ct. 90, 93, 81 L.Ed. 49. The injunctive order was issued ex parte.

Under defendant's construction, it would bar, for instance, the bringing of an action for the recovery of materials furnished to the debtor during its operation, rental charges which had accrued after February 26, 1937, and transportation charges on coal which may have been delivered to the debtor during this period, and notwithstanding that the bankruptcy court has had no opportunity to ascertain the circumstances or the facts with reference to such claims. *It is highly improbable that that court intended any such result with the attendant inconvenience and injustice to claimants. Such a construction would unnecessarily limit the business activities of the debtor, in that no one would freely do business with it, or feel that he could safely do so. Defendant's construction is not aided by the suggestion that the bankruptcy court is available to such claimants for an order modifying the injunction so as to permit suits to be brought. The expense in some instances would be prohibitive, and with a concern which does a nation-wide business and has been carrying on such a business for over two years as a debtor in reorganization, it is unreasonable to assume that the court intended such an impractical situation. Certainly, such a sweeping injunction is not necessary to the fulfillment of a plan.*

"It is generally recognized that a debtor in possession under Section 77B of the Bankruptcy Act is, to all intent and purposes, the equivalent of a trustee appointed by the court. It is in possession of the property and as such is clothed with all the powers of a receiver in equity. A trustee appointed under Section 77B is said to be a combination of a trustee in bankruptcy and receiver in equity. *In re James Butler Grocery Company*, D.C. 12 F.Supp. 851, 853. Consequently, it is reasonable to assume that Section 66 of the Judicial Code, Title 28 U.S.C.A. sec. 125, is applicable to a debtor in possession under Section 77B. (Citation.) This section reads: 'Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice.'

"The last clause of this section, reading 'but such suit

shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice,' has often been construed by our courts and has been held to merely reserve to the appointing court the sole power over the matter of satisfaction of the rights determined in such other courts. (Citations.)

"In incorporating subsection c(10) in Title 11 U.S.C.A. sec. 207, Congress must have enacted this provision with reference to Section 66 of the Judicial Code. There is no indication that Congress intended to emasculate the effect of this prior legislation or to repeal the same. Furthermore, the bankruptcy court undoubtedly had Section 66 of the Judicial Code in mind when the injunctive order was signed. *It was well aware that suits in respect to the acts or transactions of the debtor in possession could by this section be instituted in whatever forum jurisdiction could be obtained without previous leave of the court. It is fair to assume, therefore, that the enjoining language, broad as it may be, had reference only to suits and proceedings which were pending or might be instituted on claims arising prior to the filing of the petition.*" [Emphasis added.]

The scope of the power given to the bankruptcy court by section 516(4) of title 11 is made clear by the necessities and reasons which gave rise to it. These are stated by the Supreme Court of the United States in Ex parte Baldwin as follows (78 L.Ed. 1023): "All property in the possession of a bankrupt of which he claims the ownership passes, upon the filing of a petition in bankruptcy, into the custody of the court of bankruptcy. To protect its jurisdiction from interference, that court may issue an injunction. The power is not peculiar to bankruptcy or to the federal courts. It is an application of the general principle that where a court of competent jurisdiction has, through its officers, taken property into its possession the property is thereby withdrawn from the jurisdiction of other courts. Having possession, the court may not only issue all writs necessary to protect its possession from physical interference, but is entitled to determine all questions respecting the same."[5]

---

[5]Respondent cites this decision as upholding its proposition that section 959, title 28, is not applicable in bankruptcy proceedings; but what the court there said as to that section is clearly limited to actions affecting property in the possession of the trustee.

The present action in no wise affects the trustees' possession of any of the property of the debtor or their operation of the business of the debtor. If petitioner is successful in his action in the respondent court, he cannot enforce his judgment against the property of the debtor, but must secure any rights in the property of the debtor under that judgment by order of the bankruptcy court.[6]

We hold therefore that the order of the bankruptcy court in question does not enjoin the prosecution of the subject action in the respondent court.

As we have heretofore said, we cannot assume that it was the intention of the bankruptcy court to attempt to deprive petitioner of his statutory right to maintain and prosecute it without the consent of that court. If we were to assume, however, that the language of the order is broad enough when read in the light of section 959 of title 28 to enjoin this action, we think it is clear from the decisions we have cited that the order as read is beyond the power of the bankruptcy court to make and therefore was not binding upon the respondent court here; nor was the order made in a proceeding to which petitioner was a party, nor did the court making it have at the time it made its order, nor does it now have, any jurisdiction over the person of petitioner.

Petitioner was not a creditor of American at the time it filed its petition under chapter 10 or at the time the order in question was made, and he had no opportunity to be heard as to the order or the appointment of the trustees. While the bankruptcy court undoubtedly had jurisdiction and could make an order affecting the *res* and any parties making claim to it, petitioner was not in possession of and does not claim any interest in the *res* taken into possession of the court. The bankruptcy court did not by its order pass upon any rights of petitioner, and its order does not purport so to do.

The order is, therefore, not res judicata, and is not one to which the courts of this state are obligated to give full

---

[6]It is evident that no question will arise insofar as petitioner is concerned as to collecting his judgment through the bankruptcy proceedings. It has been stipulated that the loss in excess of $10,000 is covered by a policy of public liability insurance, and the record here shows that the first $10,000 of the loss is covered by the bond of a corporate surety made for the benefit of petitioner; and the result is that even if petitioner's judgment in the respondent court should be $10,000 or less he may enforce it against the surety on that bond, and any question of reimbursement of the surety out of the debtor's estate would be a matter between the surety and the trustees, to be decided by the bankruptcy court.

faith and credit. The order, viewed as one in personam, was beyond the power of the court to make in the sense that it sought to exercise a power of which section 959 of title 28 had deprived it.

The order, if viewed as one in personam, was therefore not res judicata nor one to which the respondent court was obligated to give full faith and credit (Code Civ. Proc., § 1908; *Bernhard* v. *Bank of America*, 19 Cal.2d 807, 811 [122 P.2d 892]; *American Enterprise, Inc.* v. *Van Winkle*, 39 Cal. 2d 210 [246 P.2d 935]; *Vasquez* v. *Vasquez*, 109 Cal.App.2d 280 [240 P.2d 319]; *City of Los Angeles* v. *Morgan*, 105 Cal. App.2d 726 [234 P.2d 319]; *Vallel* v. *Northern F. & M. Ins. Co.*, 254 U.S. 348 [41 S.Ct. 116, 65 L.Ed. 297]). Furthermore, inasmuch as if given the effect of enjoining the petitioner from the prosecution of the subject action, it would deprive the petitioner of an unconditional right granted him by section 959 of title 28, it is not to be given effect in this state as a matter of comity.

The cases cited by American to uphold its contention that the order in question is not subject to attack in the courts of this state (*Mueller* v. *Elba Oil Co.*, 21 Cal.2d 188 [130 P.2d 961]; *Gray* v. *Hall*, 203 Cal. 306 [265 P. 246]; *Howe* v. *Southrey*, 144 Cal. 767 [78 P. 259]; *Phelan* v. *Superior Court*, 35 Cal.2d 363 [217 P.2d 951]) are not in point here as they all involve final orders or judgments in proceedings where the court, in making the order, had jurisdiction of the persons of the parties and of the subject matter of the action.

Respondent and real party in interest contend, however, that mandate will not lie here because, they say, petitioner may petition the bankruptcy court for leave to sue. Such a right, however, is not in our opinion a speedy or adequate remedy at law. It was against the hardship of having to submit to the jurisdiction of the bankruptcy court at a distant place that section 959 of title 28 was enacted; and as pointed out in *Kennison* v. *Philadelphia & Reading Coal & Iron Co.*, *supra*, the expense of doing so might be prohibitive. Furthermore, we have not been cited to any case in which it has been held that a right to prosecute a remedy in a court of another jurisdiction has been held to be an adequate remedy in an action pending in this state.

Inasmuch as we have held that the injunction issued by the bankruptcy court does not enjoin commencement or maintenance of the subject action, it of course necessarily follows that it does not enjoin the taking of the deposition

of the driver of the business in question. Considered, however, as a separate matter, it is clear that the order in question does not even purport to enjoin such a proceeding, and that the word *subpoena* in the order was used in the sense of the old Rules in Equity of the United States District Courts; that is, as a mesne process. (See rule 7 of Equity Rules promulgated in U.S.C.A. title 28, appendix to Fed. Rules of Civil Procedure, p. 541.)

It may be further said that at the oral argument herein counsel for the real party in interest in effect confessed that the order of the respondent court denying petitioner the right to take the depositions in question was in error.

The petitioner having the statutory right to maintain and prosecute this action in the respondent court, that court was bound to assert its jurisdiction, and its refusal so to do was an abuse of its discretion. (*Robinson* v. *Superior Court*, 35 Cal.2d 379, 383 [218 P.2d 10] ; *Gering* v. *Superior Court*, 37 Cal.2d 29, 31 [230 P.2d 356].) The petitioner is therefore entitled to the writ for which he prays.

Let a peremptory writ of mandate issue directing respondent court to vacate all orders abating or staying proceedings in action Number 651537 in said court and all orders quashing subpoenas *in re* depositions and directing it to assume jurisdiction, and to proceed to the trial of said action in the ordinary course of its business.

White, P. J., and Fourt, J., concurred.

The petition of respondent and real party in interest for a hearing by the Supreme Court was denied October 17, 1956.