[Civ. No. 23240.   Second Dist., Div. Three.   Aug. 26, 1958.]

M. ELIZABETH BARTLETT, as Coexecutor, etc., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SONJA BARTLETT, Real Party in Interest.

---

[1]The instruction in question is set forth in full at pages 737, 738 of the opinion.

Tscharner & Tscharner and Marion P. Betty for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Guerin & Guerin for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner is coexecutor under the will of George Maurice Bartlett, hereinafter called Bartlett. Upon the appointment of petitioner and her coexecutor they came into possession of and still have possession of a business conducted by Bartlett during his lifetime and since coming into possession have continued to operate that business. The business was inventoried by them as one of the assets of the estate.

After taking possession of the business and while operating it petitioner and her coexecutor petitioned the respondent court pursuant to section 572 of the Probate Code for an order authorizing them to continue the operation of the business. To this petition the real party in interest herein, the widow of Bartlett, filed objections supported by her affidavit that she was the owner of the business and of the machinery and equipment used in operating it and affirming that she had filed an action in the Superior Court of Los Angeles County for declaratory relief and for an accounting and for an injunction.

---

*Assigned by Chairman of Judicial Council.

When the matter came on for hearing the real party in interest objected to the introduction of any evidence in support of the petition upon the grounds that the issues presented by the petition involved a dispute between the executors and a stranger to the estate as to title to property and that therefore the court was without jurisdiction to act upon the petition. This objection was sustained and the court refused to hear any evidence or to either grant or deny the petition.

Petitioner here seeks a writ of mandate to compel the respondent court to hear and determine the petition.

The probate court does not have jurisdiction to determine adverse claims to property of an estate which are asserted by a stranger to the estate. (*Estate of King,* 199 Cal. 113 [248 P. 519]; *Guardianship of Vucinich,* 3 Cal.2d 235 [44 P.2d 567, 45 P.2d 817].)

The respondent court, however, was not called upon to determine whether decedent, at the time of his death, or his wife, was the owner of the property in question, but only called upon to determine whether or not it was for the best interest of the estate of the decedent that the executors of that estate conduct the business which was in their possession pending such time as the title to that business was adjudicated. The executors had the right under section 572 of the Probate Code to petition the court for an order authorizing them to operate the business at the risk of the estate rather than at their own risk and the court had jurisdiction to and it was its duty to determine that question.

The court might upon such petition ratify the acts of the executors in conducting the business up to the time of the hearing of the petition and authorize them to continue to conduct the business, placing such conditions on the use of the proceeds of the business as it deemed reasonable, or it might in its discretion refuse to authorize the continued operation of the business and leave it to the executors to determine whether or not they would continue to operate it at their own risk. The court could not, however, refuse to exercise its discretion and deny its jurisdiction. (*Gering* v. *Superior Court,* 37 Cal.2d 29, 31-32 [230 P.2d 356]; *Robinson* v. *Superior Court,* 35 Cal.2d 379, 383 [218 P.2d 10]; *Van Kirk* v. *Superior Court,* 144 Cal.App.2d 66, 78 [300 P.2d 706].)

Neither *Wilson* v. *Superior Court,* 101 Cal.App.2d 592 [225 P.2d 1002], nor *Estate of Abdallah,* 80 Cal.App.2d 634 [182 P.2d 596], cited by respondents are in point. Each of those cases involved an order made by the probate court re-

quiring a third party in the possession of property claimed by the executor to deliver that property to the executor. Such order necessarily involved decision by the probate court of title and the right of possession and in each case it was held that such questions were beyond the jurisdiction of the probate court.

The present case does not involve any such questions for here the executors are in possession and the court is not called upon to decide their right to possession or the validity of the executors' claim of title but only to decide whether it is to the best interest of the estate that they be authorized to operate a business as to which there is a dispute as to title at the risk of the estate.

Let a peremptory writ of mandate issue.

Shinn, P. J., and Vallée, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 22, 1958.