Leon **KAPCZYNSKI**

v.

**T.M.T. TRAILER FERRY, INC.**
and
**THE** Steamship **T.M.T. CARIB QUEEN.**
No. 157 of 1957.

United States District Court
E. D. Pennsylvania.
July 1, 1959.

Paul M. Goldstein, of Stark & Goldstein, Philadelphia, Pa., for libelant.

Thomas F. Mount, of Rawle & Henderson, Philadelphia, Pa., for respondents.

HASTIE, Circuit Judge.

A seaman, Leon Kapczynski, has filed this libel in rem against his ship, T.M.T. Carib Queen, and in personam against its operator, T.M.T. Trailer Ferry, Inc. seeking to recover $10,000 for shipboard injuries. The libellant alleges that the vessel was unseaworthy and was negligently operated. He also asks for maintenance and cure.

Trailer Ferry was not served with original process. However, pursuant to the libel the ship was attached. Trailer Ferry then appeared generally and obtained the release of the ship by posting bond in the amount of $10,000 wherein a corporate surety, National Surety Corporation, joined it in undertaking to satisfy any judgment recovered under this libel.

Thereafter a petition was filed in the District Court for the Southern District of Florida for the reorganization of Trailer Ferry under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The petition was approved and that proceeding is now pending. In its course the bankruptcy court has issued an injunction of customary scope prohibiting the initiation or prosecution of other suits against the debtor or designed to interfere with the debtor's property. That injunction prohibits "all persons * * * from instituting, continuing or prosecuting any * * * proceeding against said debtor * * * in any court * * *, and from executing or issuing or causing the execution out of any court or public office of any writ, process, * * * attachment, * * * execution or other proceeding for the purpose of examining or taking possession of, or interfering with, any property constituting the estate of [the] debtor * * *." The injunction also prohibits "commencing or continuing any judicial proceeding in any court to enforce any lien upon the estate or property of [the] debtor".

█ Setting forth the language of this injunction and the circumstances of its issuance, the respondents have moved that all proceedings herein shall be stayed until further order of the United States District Court for the Southern District of Florida. This motion is the matter now before the court.

The injunction in question is certainly broad enough on its face to cover the present proceeding against the defendant Trailer Ferry. As a suit against the debtor on a pre-reorganization personal injury claim the libel in personam asserts a provable claim and is within the injunctive power of the District Court for the Southern District of Florida under Section 11(a) of the Bankruptcy Act, 11 U.S.C.A. § 29(a), as extended to Chapter X reorganizations by Section 116, 11 U.S.C.A. § 516. Foust v. Munson S. S. Lines, 1936, 299 U.S. 77, 57 S. Ct. 90, 81 L.Ed. 49. However, in its brief in opposition to the present motion the libellant urges that the respondent is protected by liability insurance, to the extent of which any judgment herein may be satisfied without hampering the reorganization or impairing the debtor's estate. Cf. Foust v. Munson S. S. Lines, supra; Swartz v. Crippen, 5 Cir., 1950, 185 F.2d 964; In re Schwartz, 2 Cir.,

1937, 89 F.2d 172; Van Kirk v. Superior Court, 1956, 144 Cal.App.2d 66, 300 P.2d 706. But such a statement in a brief is no proper proof of the facts essential to libellant's contention. Moreover, the above quoted language of the injunction issued in the reorganization proceeding is comprehensive in its coverage. If under the principle of the above cited cases the present action in personam is to be excepted from that injunction, it seems better to this court that such relief be sought in the District Court for the Southern District of Florida.

The libel in rem against the ship stands on different footing. The law of the sea confers upon a ship special status as a legally responsible entity. In this aspect the present libel never was against the debtor. True, in its original posture the proceeding might have been enjoined as one to impose a lien on property of the debtor. However, before the Chapter X petition was filed the ship had been released and a bond substituted. The ship was thus freed from attachment and even from the prospect of execution under any final decree. United States v. Ames, 1878, 99 U.S. 35, 25 L.Ed. 295; The Susana, 4 Cir., 1924, 2 F.2d 410; The Phantasy, D.C.D.Del. 1933, 4 F.Supp. 920. Thereafter, the action proceeded, and it is now proceeding, solely against the substituted res. Formally the claim may still be directed at establishing the liability of the ship. But this is done only in an effort to meet the condition of the bond which has replaced the ship. In the view of this court such a continuation of an action to establish the liability of a corporate surety on its bond does not interfere with the debtor's property and violates neither the letter nor the spirit of the outstanding injunction. Cf. Matter of Muntz TV Inc., 7 Cir., 1956, 229 F.2d 314; In re Prudence Co., 2 Cir., 1937, 90 F.2d 587; In re Nine North Church St., 2 Cir., 1936, 82 F.2d 186; Seixas v. Hegeman, 1935, 158 Misc. 560, 285 N.Y.S. 838, affirmed 246 App.Div. 813, 285 N.Y.S. 840.

The court is not unmindful that the respondent Trailer Ferry became a party to the bond in suit along with the corporate surety. However, the liability on the bond is several. The order of the court will be so drafted as to preclude execution against Trailer Ferry while the injunction in the reorganization proceeding remains in force.

More particularly, an order will be entered staying the proceeding in personam against the respondent T.M.T. Trailer Ferry Inc., yet permitting the claim which began in rem against the steamship T.M.T. Carib Queen to proceed in its present aspect to establish liability of the corporate surety on the bond which has been substituted for the ship, but restraining any execution on that bond against the respondent T.M.T. Trailer Ferry, Inc.